# BRUSH ELECTRIC COMPANY *v.* CITY OF GALVESTON ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF TEXAS.

No. 179.   Argued April 18, 19, 1923.—Decided June 4, 1923.

A decree of the District Court refusing present relief by injunction from rates challenged by a public utility company as confiscatory, but leaving the plaintiff free to renew its application after an actual test of the rates, *affirmed,* because the evidence was so conflicting and the conclusion to be drawn from it respecting items involved in the computation was so uncertain and speculative as not to warrant disturbance of the findings of the lower court.   P. 446.

Affirmed.

APPEAL from a decree of the District Court refusing to enjoin the enforcement of ordinances of the appellee regulating the rates to be charged by the appellant for electricity.

*Mr. William H. Ambrecht,* with whom *Mr. Chas. A. Frueauff* was on the brief, for appellant.

*Mr. James W. Wayman,* with whom *Mr. Frank S. Anderson* was on the brief, for appellees.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The appellant for many years has been operating an electric light and power plant in the City of Galveston,

under a franchise reserving to the city the right to regulate rates.

In 1918 an ordinance was enacted increasing the rates then in force. By a subsequent ordinance, passed in 1919, these 1918 rates were decreased.

The present suit was brought by appellant in the Federal District Court for the Southern District of Texas to enjoin the enforcement of these ordinances, and especially that of 1919, on the ground that the rates fixed thereby were confiscatory. In 1920 the case was referred to a master who heard the evidence and made a report, in which he determined that the rates of 1919 were confiscatory and that those of 1918 were not. To this report both parties filed exceptions. Those filed by the appellant were overruled by the District Court while those of the appellee were, with two exceptions, sustained. The questions presented are numerous, but, in view of the conclusion we have reached, we do not consider it necessary to review them in detail.

The parties stipulated, and the master found, that the then undepreciated value of the physical property at January 1, 1920, prices, was $784,689; and that the cost of the physical property at average pre-war prices undepreciated as of January 1, 1920, was $576,898. The master found the former amount, after deducting the value of real estate, office and utility equipment and depreciation, represented the depreciated value of the depreciable property for rate making purposes; following the principle established by this Court. See *Missouri ex rel. Southwestern Bell Telephone Co.* v. *Public Service Commission, ante,* 276, and cases cited.

The testimony as to depreciation was conflicting and speculative,—the estimates ranging from 15% to 40% of the value of the plant. The master fixed it at 28%, making the present depreciated value of the depreciable property $534,818. To this he added the value of vari-

ous items, including intangible property, real estate, and office and utility equipment, bringing the total up to $800,000. This he held to be the fair present value of the property. Upon this valuation he recommended an annual return of 8% and an annual rate for depreciation of 4½%. The gross earnings for the year ending July 31, 1920, which arose from the application of the rates fixed by the ordinance of 1918, were $333,079.65, which left, after deductions for expenses of operation and maintenance, net earnings of more than $104,000, or over $4,000 in excess of a reasonable and fair return. He estimated that under the rates fixed by the 1919 ordinance the net earnings would have been only $77,665, or over $22,000 less than a fair and reasonable return. The 1919 rates, however, have never been put into operation, and appellant has continued to operate under the 1918 rates.

The District Judge did not agree with the master's findings, but substituted no base value of his own, because of his conclusion that the injunction should be denied " on the ground that the ordinance has had no test, and that in my view, taking the master's base, the ordinance is still not confiscatory, it will not be necessary for me to hazard a guess as to what value ought to be taken, since I feel sure that before the precise valuation of the plant by me can become important, conditions of prices and values will have settled down to such a definite and permanent basis, as that there will be no difficulty in reaching a proper price basis to apply on any future adjustment in or out of court."

The lower court accepted the master's estimate of 8% upon the value as a fair rate of return, but fixed 4% instead of 4½% as a fair rate for annual depreciation. In sustaining certain of the appellee's exceptions, it held that the master's allowance for some items should be decreased and in other instances disallowed. Instead of 28% for past depreciation the court fixed 33⅓% and pro-

visionally determined that the total fair valuation of the plant for rate making purposes was $612,000. Upon this valuation, the estimated net earnings under the rates fixed by the 1919 ordinance was shown to be in excess of a fair return to the extent of over $21,000. The estimated amount of income under the 1919 rates is based on the amount of business done under the 1918 rates and, consequently, is largely a matter of prophecy. An actual test of these rates may result in a larger return, by bringing about an increase of business. The conclusion of the court that the temporary restraining order theretofore granted should be dissolved, the injunction prayed for refused, and, at the option of appellant, the bill dismissed without prejudice, or passed to the suspense docket " with leave to again call the matter up after a trial of the ordinance, or before trial, should unusual and extraordinary conditions occur, making it imperative to save complainant's property from confiscation," under the circumstances disclosed by the record commends itself to our judgment.

The evidence is so conflicting and the conclusion to be drawn therefrom in respect of this or that item so uncertain and speculative, that we do not feel warranted in disturbing the findings of the court below in the absence of an actual test under the new rates. If hereafter it can be shown that the returns afforded are confiscatory, appellant will be free to make another application for relief. *Knoxville* v. *Knoxville Water Co.*, 212 U. S. 1, 18; *Willcox* v. *Consolidated Gas Co.*, 212 U. S. 19, 54; *Cedar Rapids Gas Light Co.* v. *Cedar Rapids*, 223 U. S. 655; *Louisville* v. *Cumberland Tel. & Tel. Co.*, 225 U. S. 430; *Galveston Electric Co.* v. *Galveston*, 258 U. S. 388, 403.

*Decree affirmed.*