## AETNA INSURANCE COMPANY *v.* HYDE.

CERTIORARI TO THE SUPREME COURT OF MISSOURI.

No. 112. Argued December 2, 1927.—Decided January 3, 1928.

Rates of all the stock fire insurance companies doing business in Missouri having been reduced uniformly upon consideration *en masse* of their earnings and a finding of an excessive aggregate profit, as provided in § 6283, Rev. Stats. Mo. 1919, they sued jointly in the state courts to obtain judicial review of that determination upon the ground that the aggregate profits were not excessive and that the aggregate collections permitted under the reduced rates were so low as to be confiscatory in violation of the due process clause of the Fourteenth Amendment. But they did not challenge the constitutionality of the statute if construed, as they contended it should be, to require the superintendent to make his determination on the basis of premiums earned and losses and expenses incurred, and not on the basis of premiums received and losses and expenses paid.

*Held:*

1. Rates fixed by state authority on the basis of aggregate collections of competing fire insurance companies doing business in the State and which afford just compensation to some of them but not to others, cannot be attacked by the former under the Fourteenth Amendment upon the ground that they are confiscatory as applied to the latter; nor may the latter prevent their enforcement against the former because of their inability to compete successfully if their own rates were increased. P. 446.

2. State-made rates do not violate the Fourteenth Amendment merely because aggregate collections are not sufficient to yield a reasonable profit or just compensation to all companies that happen to be engaged in the affected business. P. 447.

3. Rates will be set aside as confiscatory only in clear cases; and the burden is on the one seeking that relief to bring forward the invalidating facts. P. 447.

4. The facts relied on to restrain enforcement of such rates should be specifically set forth, and from them it should clearly appear that the rates would deny to plaintiff just compensation and deprive it of its property without due process of law. P. 447.

5. The complaint does not allege facts to show that the rates were confiscatory as to any company; and it fails to show any

joint interest or right in or to the business covered by the rates or the protection sought to be invoked, or that the Missouri business of each of the companies is so well and economically carried on that all are entitled, as of right protected by the Constitution, to have premiums amounting in the aggregate enough to yield a reasonable return or profit to all the companies on all the business carried on; it does not state a federal question. P. 448.

6. *Quare,* Whether upon any state of facts, petitioners would be entitled jointly to the constitutional protection invoked. P. 448.

Writ to review 315 Mo. 113, dismissed.

CERTIORARI, 273 U. S. 681, to a decree of the Supreme Court of Missouri, which reversed a decree setting aside an order reducing the rates of the plaintiff fire insurance companies.

*Mr. Charles Evans Hughes,* with whom *Messrs. Robert J. Folonie, Wm. S. Hogsett, Ashley Cockrill* and *John S. Leahy* were on the brief, for petitioners.

*Messrs. John T. Barker* and *Floyd E. Jacobs,* with whom *Mr. North T. Gentry* was on the brief, for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

October 9, 1922, respondent, acting under § 6283, Revised Statutes of Missouri, 1919, made findings of fact and an order directing a reduction of ten per cent. in the rates charged by stock companies for fire, lightning, hail and windstorm insurance. The petitioners, 156 companies, were all the stock fire insurance companies engaged in that business in Missouri. November 10, 1922, they brought this suit under § 6284 praying that the order be reviewed and set aside. The complaint challenges the methods employed by respondent to make the calculations provided for and alleges that the findings and order are unreasonable, confiscatory, and in contravention of the due process clause of the Fourteenth Amendment. Issue was joined

and a trial was had. The circuit court, confirming the report of a referee appointed to hear the evidence and report his findings of fact and conclusions of law, found the order unreasonable and confiscatory and entered a decree setting it aside. The Supreme Court reversed and dismissed the case. 315 Mo. 113. This court granted a writ of certiorari. 273 U. S. 681.

Respondent insists that the case presents no federal question. In order to determine whether that contention has merit, it is necessary to examine the statutory provisions under which the respondent made the findings and order complained of, the grounds on which petitioners seek to have them set aside, and the decision of the Supreme Court.

Section 6283, as it was at the time the order was made,[1] provided that the superintendent of insurance " is hereby empowered to investigate the necessity for a reduction of rates, and if, upon such investigation, it appears that the result of the earnings in this state of the stock fire insurance companies for five years next preceding such investigation shows there has been an aggregate profit therein in excess of what is reasonable, he shall order such reduction of rates as shall be necessary to limit the aggregate collections by insurance companies in this state to not more than a reasonable profit. . . ."

Section 6284, as it stood when this suit was commenced, provided: " The orders and directions of the superintendent of insurance, together with his findings or determinations of facts upon which such order or determination is founded, shall be reviewable by a proper action in the courts, and upon such review the entire matter shall be treated and determined *de novo*. . . ." This section was amended before the trial. Laws of 1923, p. 235. The

_____

[1] This section has since been amended. Laws 1923, p. 235.

following was added: " The court shall have authority to sustain, set aside or modify the orders and directions under review."

The complaint alleges that the rates were not excessive before the reduction; that each company has local agency plants in Missouri ranging in value from $10,000 in case of small companies having but few agencies to $50,000 for larger companies having many, and that the good will of the agencies of each is of great value; that in Missouri normal expenses of each are from 35 to 45 per cent. of earned premiums and the yearly aggregate of all expenses is approximately 42 per cent. of all earned premiums, but that in the five year period ending with 1921 total expenses amounted to about 44 per cent. of all premiums earned for insurance written in that period; that, in accordance with Missouri law, each company maintains a sum equal to its unearned premiums; that each should also have a surplus over its capital stock of three per cent. of its premiums on fire insurance policies in each year to meet the hazards of conflagration [2] and of ten per cent. of other premiums against the risk of other catastrophes; and that each company is entitled to earn annually an underwriting profit of at least five per cent. of the earned premiums; that such profit for any period is the amount of premiums earned less losses and expenses incurred; that in the five year period ending with 1921 the combined experience of all companies on all classes of insurance in Missouri was: losses incurred, 64.9 per cent. of earned premiums, expenses incurred, 44.4 per cent., making a total of 109.3 per cent., without any allowance for a fund to meet conflagration and catastrophe hazards or for profits to the companies.

---

[2] The referee reported that a conflagration is any loss in excess of $1,000,000, and that it is customary to charge that amount of the loss against the State in which it occurs, and prorate the remainder among all the States.

And the complaint shows that prior to the order here in question and on January 5, 1922, the superintendent made an order reducing rates 15 per cent. The companies sued him to enjoin its enforcement. The parties entered into a stipulation reciting that he had revoked the order and agreeing that the case be dismissed. And it was stated therein that the superintendent, not earlier than March 15, 1922, might call a hearing to investigate the necessity for a reduction of rates; that at such hearing the experience of the companies in Missouri for 1921 should be offered in evidence and considered by the superintendent, together with such other evidence as might be offered; that at the conclusion of the hearings the superintendent would make certain findings of fact and announce his determination. And the stipulation contained the following: " That if . . an order reducing the rates . . be made . . the said insurance companies, if dissatisfied . . will proceed to secure a review thereof by the trial de novo in the Circuit court of Cole County, Missouri. . . . That in such matter the question of the constitutionality of §§ 6283 and 6284 . . . shall not be raised, nor shall the legality of the hearing above provided for be questioned."

And the complaint alleges that there was a hearing at which the companies performed their part of the agreement, but that the superintendent failed to make the findings specified in the stipulation. The order (set forth in the bill) stated that the companies refused to supply necessary data to enable the superintendent to make such findings, and that his investigation was based on sworn reports filed by the companies during the five-year period. The findings contained in the order are that, in respect of the business in Missouri, the companies in that period collected net premiums amounting to $81,067,318, interest on capital and surplus prorated to that State $2,801,660

and interest on unearned premium reserves $2,418,596 making a total of $86,287,574; that they paid losses of $45,066,124; that expenses amounted to $32,534,617 leaving $8,686,833 profits, and that expenses were excessive by not less than $5,000,000. The order declared that the rates then in force produced excessive and unreasonable profits and that a reduction of ten per cent. in the existing rates would result in profits that are reasonable. And it directed that rates so reduced take effect November 15, 1922.

The complaint avers that if § 6283 be construed to authorize the superintendent of insurance to take into account interest on earnings, capital stock, surplus and unearned premium reserves or to make his determination of profit or loss on the basis of premiums received and losses and expenses paid—as distinguished from premiums earned and losses and expenses incurred,—or if it be held to authorize the superintendent to regulate the expenses of the companies or the inspection of their risks or the amount of insurance they may write, then the section would violate the due process clause of the Fourteenth Amendment. And it charges that the methods and calculations employed and the findings of fact made by the superintendent are erroneous, unreasonable and unjust; that the prescribed rates are unreasonable, inadequate and confiscatory, and that the enforcement of the order would operate to deprive the petitioners and each of them of their property without due process of law.

By his answer, the superintendent denies the allegations of fact and challenges the grounds on which petitioners contend that the findings and order are repugnant to the Fourteenth Amendment.

The Supreme Court considered the evidence and held that the order reducing rates was justified. It did not pass upon petitioners' contentions that their rights safe-

guarded by the Fourteenth Amendment had been or would be infringed by the state law or by the superintendent's findings and order.

It will be observed that here the controversy concerns the basis on which the findings were to be made, and that petitioners do not challenge the constitutionality of the statute if construed, as they contend it should be, to require the superintendent to make his determinations on the basis of premiums earned and losses and expenses incurred. Unlike the general power to prescribe insurance premiums conferred by the Kansas statute upheld in *German Alliance Ins. Co.* v. *Kansas*, 233 U. S. 389, the Missouri statute before us narrowly limits the authority of the superintendent of insurance. He is not authorized to determine whether, when applied to the Missouri business of the several companies or of any of them, the existing or prescribed rates had been or would be just and reasonable. Section 6283 requires consideration *en masse* of the " result of the earnings " of all the companies, and, upon finding an excessive " aggregate profit," it becomes the duty of the superintendent to limit the " aggregate collections " to not more than a reasonable profit. The reduced rates are applicable to the business of all companies alike and without regard to the amount of the past or prospective profits or losses of any of them. And the attack is by joint action of all the companies. It is not claimed by or on behalf of any company that, when applied to its business, the reduced rates are or would be too low to permit the company to make a reasonable profit or to have just compensation for its contracts of insurance.

No company receiving just compensation is entitled to have higher rates merely because of the plight of its less fortunate competitors. Companies whose constitutional rights are not infringed may not better their position by urging the cause of others. *Supervisors* v. *Stanley*, 105

.U. S. 305, 311; *Heald* v. *District of Columbia,* 259 U. S. 114, 123. As a practical matter of business, it is impossible in the long run for some companies to collect higher premiums than those charged by others in the same territory. Rates sufficient to yield adequate returns to some may be confiscatory when applied to the business of others. But the latter have no constitutional right to prevent their enforcement against the former. The Fourteenth Amendment does not protect against competition. Moreover, "aggregate collections" sufficient to yield a reasonable profit for all do not necessarily give to each just compensation for the contracts of insurance written by it. It has never been and cannot reasonably be held that state-made rates violate the Fourteenth Amendment merely because the aggregate collections are not sufficient to yield a reasonable profit or just compensation to all companies that happen to be engaged in the affected business.

The complaint was framed to secure judicial review (§ 6284) of the determination of the respondent. The ground of attack was that the aggregate profits were not excessive and that the aggregate collections permitted under the reduced rates were too low. Allegations asserting in general language that the findings, order and reduced rates are confiscatory and repugnant to the Fourteenth Amendment are not sufficient. In order to invoke the constitutional protection, the facts relied on to restrain the enforcement of rates prescribed under the sanction of state law must be specifically set forth, and from them it must clearly appear that the rates would necessarily deny to the plaintiff just compensation and deprive it of its property without due process of law. *Louisville & Nashville R. R. Co.* v. *Garrett,* 231 U. S. 298, 314; *Atlantic Coast Line* v. *Florida,* 203 U. S. 256. Jurisdiction of this Court to set aside state-made rates as confiscatory will be exercised only in clear cases. And the burden is on one

seeking that relief to bring forward and satisfactorily prove the invalidating facts. *Chicago, &c. Ry. Co.* v. *Wellman,* 143 U. S. 339, 344–345; *San Diego Land & Town Co.* v. *Jasper,* 189 U. S. 439, 441, 446; *Knoxville* v. *Water Co.,* 212 U. S. 1, 8, 16; *The Minnesota Rate Cases,* 230 U. S. 352, 433, 452; *Brush Elec. Co.* v. *Galveston,* 262 U. S. 443, 446. Neither of the sections authorized a determination of the reasonableness of rates when applied to the business of any company. The complaint did not allege any facts to show that the reduced rates were confiscatory as to any company. The court was not called upon to determine whether the order would operate to deprive any company of its property without due process of law. It treated the suit as one to obtain the review provided for by § 6284.

The petitioners are competitors and each carries on business for itself. While they may by joint action pursue the remedy given by § 6284, it does not follow that the Constitution safeguards aggregate profits sufficient to constitute just compensation for all the companies. The complaint fails to show any joint interest or right in or to the business covered by the rates or the protection sought to be invoked. And it fails to show that the business in Missouri of each is so well and economically organized and carried on that petitioners are entitled, as of right protected by the Constitution, to have premiums amounting in the aggregate enough to yield a reasonable return or profit to all the companies. Assuming that, upon any state of facts, the petitioners would be entitled jointly to have such protection, and, as to that no opinion is expressed, it is enough to say that the facts brought forward in this case are not sufficient to raise the question whether the state law or the superintendent's finding of facts or his order is repugnant to the due process clause of the Fourteenth Amendment. No federal question is presented.

*Writ dismissed.*