BREEDLOVE *v.* SUTTLES, TAX COLLECTOR.

No. 9. Argued November 16, 17, 1937.—Decided December 6, 1937.

278

*Messrs. J. Ira Harrelson* and *Henry G. Van Veen,* with whom *Mr. Arthur Garfield Hays* was on the brief, for appellant.

*Messrs. W. S. Northcutt* and *E. Harold Sheats,* with whom *Mr. Chas. B. Shelton* was on the brief, for appellee.

MR. JUSTICE BUTLER delivered the opinion of the Court.

A Georgia statute provides that there shall be levied and collected each year from every inhabitant of the State between the ages of 21 and 60 a poll tax of one dollar, but that the tax shall not be demanded from the

blind or from females who do not register for voting. Georgia Code, 1933, § 92–108. The state constitution declares that to entitle a person to register and vote at any election he shall have paid all poll taxes that he may have had opportunity to pay agreeably to law. Art. II, § I, par. III; Code, § 2–603. The form of oath prescribed to qualify an elector contains a clause declaring compliance with that requirement. § 34–103. Tax collectors may not allow any person to register for voting unless satisfied that his poll taxes have been paid. § 34–114. Appellant brought this suit in the superior court of Fulton county to have the clause of the constitution and the statutory provisions above mentioned declared repugnant to various provisions of the Federal Constitution and to compel appellee to allow him to register for voting without payment of poll taxes. The court dismissed his petition. The state supreme court affirmed. 183 Ga. 189; 188 S. E. 140.

The pertinent facts alleged in the petition are these. March 16, 1936, appellant, a white male citizen 28 years old, applied to appellee to register him for voting for federal and state officers at primary and general elections. He informed appellee he had neither made poll tax returns nor paid any poll taxes and had not registered to vote because a receipt for poll taxes and an oath that he had paid them are prerequisites to registration. He demanded that appellee administer the oath, omitting the part declaring payment of poll taxes, and allow him to register. Appellee refused.

Appellant maintains that the provisions in question are repugnant to the equal protection clause and the privileges and immunities clause of the Fourteenth Amendment and to the Nineteenth Amendment.

1. He asserts that the law offends the rule of equality in that it extends only to persons between the ages of 21 and 60 and to women only if they register for voting

and in that it makes payment a prerequisite to registration. He does not suggest that exemption of the blind is unreasonable.

Levy by the poll has long been a familiar form of taxation, much used in some countries and to a considerable extent here, at first in the Colonies and later in the States. To prevent burdens deemed grievous and oppressive, the constitutions of some States prohibit or limit poll taxes. That of Georgia prevents more than a dollar a year. Art VII, § II, par. III; Code § 2–5004. Poll taxes are laid upon persons without regard to their occupations or property to raise money for the support of government or some more specific end.[1] The equal protection clause does not require absolute equality. While possible by statutory declaration to levy a poll tax upon every inhabitant of whatsoever sex, age or condition, collection from all would be impossible for always there are many too poor to pay. Attempt equally to enforce such a measure would justify condemnation of the tax as harsh and unjust. See *Faribault* v. *Misener*, 20 Minn. 396, 398; *Thurston County* v. *Tenino Stone Quarries*, 44 Wash. 351, 355; 87 Pac. 634; *Salt Lake City* v. *Wilson*, 46 Utah 60, 66, *et seq.;* 148 Pac. 1104. Collection from minors would be to put the burden upon their fathers or others upon whom they depend for support.[2] It is not unreasonable to exclude them from the class taxed.

Men who have attained the age of 60 are often, if not always, excused from road work, jury duty and service

---

[1] Dowell, History of Taxation and Taxes in England, Vol. III, c. 1. Bryce, the American Commonwealth, c. XLIII. Cooley, The Law of Taxation (4th ed.) §§ 40, 1773. *Hylton* v. *United States*, 3 Dall. 171, 175, 182. *Short* v. *Maryland*, 80 Md. 392, 397, *et seq.;* 31 Atl. 322. *Faribault* v. *Misener*, 20 Minn. 396.

[2] Section 74–105, Georgia Code, declares: "Until majority, [21 years] it is the duty of the father to provide for the maintenance, protection, and education of his child."

in the militia.[3] They have served or have been liable to be called on to serve the public to the extent that the State chooses to require. So far as concerns equality under the equal protection clause, there is no substantial difference between these exemptions and exemption from poll taxes. The burden laid upon appellant is precisely that put upon other men. The rate is a dollar a year, commencing at 21 and ending at 60 years of age.

The tax being upon persons, women may be exempted on the basis of special considerations to which they are naturally entitled. In view of burdens necessarily borne by them for the preservation of the race, the State reasonably may exempt them from poll taxes. Cf. *Muller* v. *Oregon*, 208 U. S. 412, 421, *et seq. Quong Wing* v. *Kirkendall*, 223 U. S. 59, 63. *Riley* v. *Massachusetts*, 232 U. S. 671. *Miller* v. *Wilson*, 236 U. S. 373, *Bosley* v. *McLaughlin*, 236 U. S. 385. The laws of Georgia declare the husband to be the head of the family and the wife to be subject to him. § 53–501. To subject her to the levy would be to add to his burden. Moreover, Georgia poll taxes are laid to raise money for educational purposes, and it is the father's duty to provide for education of the children. § 74–105. Discrimination in favor of all women being permissible, appellant may not complain because the tax is laid only upon some or object to registration of women without payment of taxes for previous years. *Aetna Insurance Co.* v. *Hyde*, 275 U. S. 440, 447. *Rosenthal* v. *New York*, 226 U. S. 260, 270.

Payment as a prerequisite is not required for the purpose of denying or abridging the privilege of voting. It does not limit the tax to electors; aliens are not there permitted to vote, but the tax is laid upon them, if within

---

[3] In Georgia, men are excused from road work at 50 (§ 95–401) from jury duty at 60 (§ 59–112) and from liability for service in the militia at 45 (§ 86–201; see also § 86–209).

the defined class. It is not laid upon persons 60 or more years old, whether electors or not. Exaction of payment before registration undoubtedly serves to aid collection from electors desiring to vote, but that use of the State's power is not prevented by the Federal Constitution. Cf. *Magnano Co.* v. *Hamilton,* 292 U. S. 40, 44.

2. To make payment of poll taxes a prerequisite of voting is not to deny any privilege or immunity protected by the Fourteenth Amendment. Privilege of voting is not derived from the United States, but is conferred by the State and, save as restrained by the Fifteenth and Nineteenth Amendments and other provisions of the Federal Constitution, the State may condition suffrage as it deems appropriate. *Minor* v. *Happersett,* 21 Wall. 162, 170 *et seq. Ex parte Yarbrough,* 110 U. S. 651, 664–665. *McPherson* v. *Blacker,* 146 U. S. 1, 37–38. *Guinn* v. *United States,* 238 U. S. 347, 362. The privileges and immunities protected are only those that arise from the Constitution and laws of the United States and not those that spring from other sources. *Hamilton* v. *Regents,* 293 U. S. 245, 261.

3. The Nineteenth Amendment, adopted in 1920, declares: "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of sex." It applies to men and women alike and by its own force supersedes inconsistent measures, whether federal or state. *Leser* v. *Garnett,* 258 U. S. 130, 135. Its purpose is not to regulate the levy or collection of taxes. The construction for which appellant contends would make the amendment a limitation upon the power to tax. Cf. *Minor* v. *Happersett, supra,* 173; *Bowers* v. *Kerbaugh-Empire Co.,* 271 U. S. 170, 173–174. The payment of poll taxes as a prerequisite to voting is a familiar and reasonable regulation long enforced in many States and for more than a century in

Georgia.[4] That measure reasonably may be deemed essential to that form of levy. Imposition without enforcement would be futile. Power to levy and power to collect are equally necessary. And, by the exaction of payment before registration, the right to vote is neither denied nor abridged on account of sex. It is fanciful to suggest that the Georgia law is a mere disguise under which to deny or abridge the right of men to vote on account of their sex. The challenged enactment is not repugnant to the Nineteenth Amendment.

*Affirmed.*

---

[4] Constitution of 1798, Art. IV, § 1 (2 Thorpe, Federal and State Constitutions, p. 800). Act of Dec. 12, 1804 (Cobb, New Digest Laws of Georgia, p. 1044).