138 F.2d 669 (1943)
MONTGOMERY WARD & CO., Inc.,
v.
BOWLES, Acting Price Administrator.
No. 57.
United States Emergency Court of Appeals.
Heard September 23, 1943.
Decided November 5, 1943.
*670 Stuart S. Ball, of Chicago, Ill. (George V. Brown, of Chicago, Ill., on the brief), for complainant.
Nathaniel L. Nathanson, Assistant General Counsel, of Washington, D. C. (George J. Burke, General Counsel, Thomas I. Emerson, Associate General Counsel, William R. Ming, Jr., Chief, Court Review Price Branch, William W. Stafford and John J. Downey, Jr., Attorneys, all of the Office of Price Administration, all of Washington, D.C., on the brief), for respondent.
Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.
Heard at Chicago September 23, 1943.
MARIS, Chief Judge.
The complainant filed a timely protest against the "highest price line" provisions of Maximum Price Regulation No. 330, Retailers' and Wholesalers' Prices for Women's, Girls' and Children's Outerwear Garments, issued February 18, 1943, which protest was denied by the acting Price Administrator on May 20, 1943. On June 19, 1943, the complainant filed the present complaint by which it seeks to have the protested regulation set aside as arbitrary, discriminatory and contrary to law. Thereafter within the time prescribed by Rule 15 the Price Administrator certified and filed in this court a transcript of the proceedings before him in connection with the protest which he deemed material under the complaint. He included in the transcript the protest and accompanying affidavit, the order denying the protest, the opinion of the acting Price Administrator accompanying that order, and the statement of considerations made by the Price Administrator in connection with the issuance of Maximum Price Regulation No. 330. In the opinion accompanying the order denying the protest the acting Price Administrator stated that he took official notice that:
"(1) Enormous war expenditures have increased consumer purchasing power with a resulting abnormal demand for women's, girls' and children's outerwear garments as evidenced by the fact that sales volume in this field during 1942 was the greatest the industry has ever experienced.
"(2) High priced merchandise in this field yields a greater margin of profit per unit to the seller than low priced merchandise.
"(3) Wholesalers and retailers had tended for some time prior to the issuance of the original regulation [Maximum Price Regulation No. 153] to move into higher price lines, expecting thereby to realize greater profits."
No evidence in support of these or any other facts upon which the Administrator relied was included in the transcript.
The complainant thereafter filed a suggestion, as permitted by Rule 15, that the Administrator had omitted from the transcript what the complainant alleged to be pertinent matters, namely, the evidence in support of the statements above recited of which the Administrator stated that he took official notice, the evidence in support of the various other assertions of fact made in his opinion, and the particular facts and evidence upon which he based the conclusion expressed in the statement of considerations that "the maximum prices established *671 in this regulation are fair and equitable". Objections to the complainant's suggestion were filed by the Administrator. The suggestion and objections thereto raise the question whether the Administrator, upon a judicial review of the validity of one of his price regulations, has the burden of proving the existence of the facts upon which he has relied in promulgating the protested regulation, or whether the facts upon which he states he relies to justify the regulation are to be presumed to exist unless and until the contrary is established by evidence offered by the complainant.
The power to issue price and rent regulations was constitutionally delegated to the Price Administrator by Congress by the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 901 et seq. Taylor v. Brown, Em.App.1943, 137 F.2d 654. We must, therefore, examine the procedural requirements of that act to discover whether the limitations and restrictions which Congress has placed upon the Administrator's exercise of the power include the requirement, when one of his regulations is under judicial scrutiny, that he carry the burden of proving the facts which justify the regulation.
At the outset we observe that the Administrator is not required to make formal findings of fact in support of his regulations. All that is required in the case of a price regulation is "a statement of the considerations involved in the issuance of such regulation". Sec. 2(a). The act here requires, we think, only a summary statement of the basic facts which justify the regulation. In the case of a rent regulation the necessity for the regulation of rents in the defense-rental area is required to be stated in the declaration and designation of the area which is required to be issued sixty days in advance of the rent regulation itself. Sec. 2(b). Here again the act calls only for a summary recital of the basic facts from which the conclusion of necessity has been drawn.
When a person subject to a price or rent regulation deems it invalid he may within the limited time fixed by the act seek to have it set aside by this court. Sec. 204(a). But first he must file a protest with the Administrator in order to give that official an opportunity to grant relief if he thinks it is called for. Sec. 203(a). The protest proceeding before the Administrator is judicial in character since in it the protestant seeks individual relief from the regulation.
Section 204(b) of the Act provides that no regulation, order or price schedule of the Administrator shall be set aside by this court "unless the complainant establishes to the satisfaction of the court that the regulation, order, or price schedule is not in accordance with law, or is arbitrary or capricious". To use the words of Justice Butler in Aetna Ins. Co. v. Hyde, 1928, 275 U.S. 440, 447, 448, 48 S.Ct. 174, 177, 72 L.Ed. 357, "The burden is on one seeking that relief to bring forward and satisfactorily prove the invalidating facts". Unless and until he does so the regulation is to be taken as valid and the existence of a state of facts which justify it is to be assumed without the necessity of proof thereof by the Administrator. In thus clothing the Administrator's regulations with a presumption of validity and placing the burden of establishing the invalidating facts upon him who assails their validity the act violates no constitutional inhibition. Borden's Farm Products Co. v. Baldwin, 1934, 293 U.S. 194, 209, 55 S.Ct. 187, 79 L.Ed. 281; Pacific States Box & Baskets Co. v. White. 1935, 296 U.S. 176, 185, 186, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853.
That the burden of proof is on the one who assails the validity of a regulation is confirmed by the other provisions of the act and of the procedural regulations[1] by which the Administrator has implemented it. It will be seen that these provisions afford to one seeking relief an opportunity to meet that burden. Thus the protestant is given an opportunity to file affidavits or other written evidence in support of his protest, to state in detail the nature and sources of any further evidence not subject to his control upon which he believes he can rely in support of the facts alleged in his protest, to file a brief in support of his objections, and to request an oral hearing if the filing of written evidence and briefs will not permit the fair and expeditious disposition of his protest.
It is true that statements in support of the protested regulation may be received from others and incorporated by the Administrator in the transcript of the protest proceedings. But this he need do only if he deems it appropriate in order to answer *672 the protestant's evidence. Likewise the Administrator may include in the transcript of the protest proceedings evidence in the form of affidavits or otherwise in support of the protested regulation. If he does so, however, the protestant must be given a reasonable opportunity to present rebuttal evidence.
Section 203(a) provides that if the Administrator denies the protest in whole or in part he shall inform the protestant of the grounds upon which his decision is based and of any economic data and other facts of which the Administrator has taken official notice. The Administrator is thus required to accompany his order of denial with a written statement, which in practice has taken the form of an opinion, setting forth the grounds, including the basic facts, as well as the economic and legal conclusions and reasoning, upon which his decision is based. If, as he is authorized by Section 203(b) to do, he has taken official notice of economic data or other facts, including facts found as a result of his own studies and investigation, a statement of the facts thus noticed must be included. If, as in Lakemore Co. v. Brown, Em.App., 1943, 137 F.2d 355, the Administrator furnishes the protestant in advance of his decision on the protest with a statement of economic data and other facts of which he has taken official notice, the protestant will thereby be afforded an opportunity to furnish evidence negativing those facts before the protest is acted upon. If, however, this information is not furnished by the Administrator to the protestant until the protest is denied, the protestant may well be entitled to introduce such evidence under the provisions of Section 204(a), after he has filed his complaint in this court.
None of the statutory provisions to which we have referred, however requires the Administrator to file the evidence which supports his statements of fact. Since in most cases a great many of the basic facts are undisputed, Congress may well have thought that such a requirement would impose upon the Administrator only unduly burdensome, but largely futile as well. Consequently such evidence need be included in transcript of the proceedings only if, in the judgment of the Administrator, it is required in order to answer the protestant's evidence.
We conclude that the Administrator was under no duty to incorporate in the record in the complainant's protest proceeding or in the transcript filed in the present action in this court the evidence which supports the facts set forth in the statement of considerations accompanying Maximum Price Regulation No. 330 or the facts set forth in the opinion denying the protest. The complainant's suggestion that this evidence has been improperly omitted from the transcript is, therefore, not well taken.
At the hearing of the complainant's suggestion as to alleged omissions from the transcript it was granted permission to file out of time an application for leave to introduce additional evidence. Such an application has been filed. The administrator has filed objections thereto on the ground that the proffered evidence is irrelevant to the issues raised by the complaint. Both application and objections have been fully considered. We think that no useful purpose would be served by discussing the proffered evidence in detail at this time. It will be sufficient here to state our conclusion that the evidence described in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9 and 11 of the application is irrelevant and immaterial to the issue raised by the complaint. The evidence tendered in paragraphs 10 and 12, however, is, in our view, relevant and material to a decision of the question whether the regulation as applied to the complainant is arbitrary and discriminatory, which is one of the issues raised in the protest and complaint. We think that under the circumstances of this case the complainant should be permitted to introduce it at this time.
The complainant's suggestion as to omissions from the transcript is rejected. Its application for leave to introduce additional evidence is granted so far as it relates to the evidence described in paragraphs 10 and 12 thereof and is in all other respects denied.
NOTES
[1] Revised Procedural Regulation 1, 7 F. R. 8961; Revised Procedural Regulation 3, 8 F. R. 526, 1798, 3534, 5481.