JOHNSON *v.* GRAHAM *et al.*

(*Knoxville,* September Term, 1945.)

Opinion filed March 2, 1946.

JOHN WESLEY KILGO, of Greeneville, for plaintiff in error (plaintiff below).

CONWAY MAUPIN, of Greeneville, for Trustee of Greene County.

ROY H. BEELER, Attorney-General, and ROBERT T. KENNERLY, Assistant Attorney-General, for McCanless, Com'r, etc.

PER CURIAM:—This is an action to recover two dollars, paid for poll taxes alleged to have been illegally assessed and collected by the trustee of Greene County for public school purposes, one dollar by the state and one by the county. The state tax, which was for the year 1945, was levied under the authority of code, section 1082, reading as follows:

"Every inhabitant between the ages of twenty-one and fifty years, except persons who are deaf, dumb, blind or incapable of labor and of earning a livelihood, shall pay an annual poll tax of one dollar for school purposes, which shall be collected by the trustee of the county and retained in the county where collected and apportioned to the schools of said county in the manner prescribed by law. Liability for poll tax and the exemption therefrom is determined and fixed according to the age of the inhabitant, on the tenth day of January of each year."

The contention of plaintiff Johnson was and is here that this code section had been repealed by Chapter 37 of the Public Acts of 1943.

The defendants state and county maintain that this repealing act had been adjudged invalid and nullified by the decree of this Court in *Biggs* v. *Beeler,* 180 Tenn. 198, 173 S. W. (2d) 144, 946, 153 A. L. R. 510, leaving the Code section 1082 in force. The trial court so held and dismissed the action. Johnson appealed in error and insists here, as in the circuit court, that the Supreme Court was without authority to nullify the repealing act of the legislature and that its decree is, therefore, void.

While the assignments of error are numerous and the argument takes a wide range, counsel for plaintiff in error, in summing up his position, says that the only question before this Court is whether the lower court was

in error in recognizing as controlling and following the decision of this Court in *Biggs* v. *Beeler, supra.*

Pretermitting consideration, as did the trial court, of questions raised on the trial by the defense as to good faith in the bringing of the action and as to the tax having been paid under protest so as to entitle plaintiff to sue, we think it clear that the trial court properly recognized the decree of this Court as controlling and as binding · upon that inferior state tribunal. It is plain that so long as that holding stands without reversal by this Court, it is the law of the forum and the plaintiff in error is bound thereby.

It is to be borne in mind that it is liability for the payment of this tax under code, section 1082, which alone is involved. No question of the validity of the requirement elsewhere provided by statute of prepayment of the tax as a qualification for voting was before the trial court, or is properly before us. It appears from the record that no election or occasion for voting was pending, or arose for the year 1945, when this tax was paid. The payment was, therefore, not exacted as a qualification · for the exercise of plaintiff's right of franchise and was not made for this purpose of complying with this requirement. Nor was this issue passed upon in *Biggs* v. *Beeler,* as is made clear in that opinion in the following language:

"As has been seen, Chapter 37 deals only with the requirement that a poll tax shall be paid for school purposes. In considering its validity we are not, therefore, concerned with the requirements, sometimes confused with it, of the pre-payment of a poll tax as a condition of voting." At page 202 of 180 Tenn., at page 145 of 173 S. W. (2d).

These issues of (1) liability for the tax and (2) prepayment of the tax as a qualification for voting, should not be confused, as they are on the brief of counsel.

The situation here is wholly different from that dealt with by the Circuit Court of Appeals, Sixth Circuit, in *Pirtle* v. *Brown,* March, 1941, 118 F. (2d) 218, 139 A. L. R. 557, *certiorari* denied by U. S. Sup. Ct., 314 U. S. 621, 86 L. Ed. 499, cited by the State, wherein Pirtle challenged the action of the judges in a congressional election in holding him disqualified to vote on the ground that he had not paid his poll tax, and in which case the court sustained the constitutionality of our code, section 2027, whereby prepayment of this tax is made a condition precedent to voting. While the opinion in that case, following *Breedlove* v. *Suttles,* 302 U. S. 277, 58 S. Ct. 205, 82 L. Ed. 252, and citing other cases, reaffirms that the making by a state of the payment of a poll tax a prerequisite to voting, does not deny any privilege or immunities protected by the federal Constitution, thus conclusively disposing of arguments advanced here for plaintiff in error, we are not of opinion, as above indicated, that this issue is now before us. The opinion in *Pirtle* v. *Brown, supra,* calls attention to the fact, as ''worthy of note,'' that the Tennessee constitutional provision for levy of the tax appears in the section dealing with taxation, while that for the payment of the tax as a prerequisite to voting appears in the section dealing with the qualification of voters. And so, in our code, while section 1082 is codified under the chapter dealing with public revenue, section 2027 appears under the chapter dealing with elections.

The criticism chiefly stressed of the opinion of this Court in *Biggs* v. *Beeler, supra,* appears to be directed to the holding that the pertinent constitutional provision

is mandatory, not directory only. Counsel challenges this holding and seeks to reopen this question. It is true, as stated, that this construction was a predicate of our decision. Not only was this view conceded by all counsel and adopted by the Court, without difference of opinion, on the original hearing of that cause, but in response to an urgent petition to rehear, we filed an opinion discussing with particularity and fully this question and clearly demonstrating that this mandatory construction had been given this provision of our Constitution in previous well-considered opinions of this Court. The question is now too well settled to permit a reconsideration.

It results that the judgment of the circuit court dismissing the action is affirmed.

## CONCURRING OPINION.

MR. CHIEF JUSTICE GREEN:

MR. JUSTICE NEIL and I agree to the Court's conclusion because the decision in Biggs v. Beeler 180 Tenn. 198 (from which we still dissent), requires the result reached.