## SUWANNEE FRUIT & S. S. CO. v. PORTER.
### No. 317.

United States Emergency Court of Appeals. Heard at Washington June 1, 1946.

Decided June 27, 1946.

Thomas B. Adams and Charles H. Murchison, both of Jacksonville, Fla., with whom John A. Selby, of Washington, D. C., and Louis Kurz, of Jacksonville, Fla., were on the brief, for complainant.

Jacob D. Hyman, Associate General Counsel, of Washington, D. C., with whom Richard H. Field, General Counsel, Office of Price Administration, of Washington, D. C., was on the brief, for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

MARIS, Chief Judge.

The complaint in this case was filed after the denial by the Price Administrator of complainant's protest against Maximum Price Regulation No. 285—Imported Fresh Bananas, Sales Except at Retail—and certain amendments thereto. The Administrator's action followed the recommendation of a board of review. The complainant has filed a motion for a stay of proceedings and a remand of the case to the Administrator for the purpose "of permitting complainant to put on rebuttal testimony before the Board of Review in response to such evidence as shall be introduced by the Price Administrator".

Basic to complainant's motion is its contention that it was the Administrator's duty under Section 203(c) of the Emergency Price Control Act, as amended by the Stabilization Extension Act of 1944, § 106, 50 U.S.C.A. Appendix, § 923(c), to present to the board of review the evidence which supported all the material findings of fact contained in his statements of considerations accompanying the protested regulation and the amendments thereto which are here in question, regardless of whether evidence to controvert those findings had previously been offered to the Administrator by the complainant.

It is clear from the transcript of the proceedings before the Administrator that if Section 203(c) imposes any such duty upon the Administrator he failed to perform it in this case. Accordingly the question with which we are confronted is whether Section 203(c) as amended has the effect which complainant ascribes to it. The provisions of the section are as follows, the amendment being italicized: "(c) Any proceedings under this section may be limited by the Administrator to the filing of affidavits, or other written evidence, and the filing of briefs: *Provided, however, That, upon the request of the protestant, any protest filed in accordance with subsection (a) of this section after September 1, 1944, shall, before denial in whole or in part, be considered by a board of review consisting of one or more officers or employees of the Office of Price Administration designated by the Administrator in accordance with regulations to be promulgated by him. Such regulations shall provide that the board of review may conduct hearings and hold sessions in the District of Columbia or any other place, as a board, or by subcommittees thereof, and shall provide that, upon the request of the protestants and upon a showing that material facts would, be adduced thereby, subpenas shall issue to procure the evidence of persons, or the production of documents, or both. The Administrator shall cause to be presented to the board such evidence, including economic data, in the form of affidavits or otherwise, as he deems appropriate in support of the provision against which the protest is filed. The protestant shall be accorded an opportunity to present rebuttal evidence in writing and oral argument before the board and the board shall make written recommendations to the Price Administraton. The protestant shall be informed of the recommendations of the board and, in the event that the Administrator rejects such recommendations in whole or in part, shall be informed of the reasons for such rejection."*[1]

■ In Montgomery Ward & Co. v. Bowles, Em.App.,1943, 138 F.2d 669, this court held that the Administrator's regulations and orders are presumed to be valid and that one who seeks to have a regulation or order set aside must offer evidence to prove the invalidating facts. Unless and until he does so, we said, there is no duty on the Administrator to file the evidence which establishes the existence of the facts

---

[1] 50 U.S.C.A.Appendix, § 923(c).

justifying his regulation or order. Even then the Administrator need only introduce such evidence as he deems appropriate to prove those facts which the protestant by his evidence has controverted.

This construction of the act rested primarily upon the provisions of Section 204(b) that no regulation, order or price schedule shall be set aside by this court "unless the complainant establishes to the satisfaction of the court that the regulation, order, or price schedule is not in accordance with law, or is arbitrary or capricious." There is nothing in the Stabilization Extension Act of 1944 which shifted to the Administrator the burden thus placed upon a complainant in this court. Under these circumstances it would require explicit language in the amendment which Congress made to Section 203(c) to indicate an intention to withdraw the presumption of validity which had always theretofore attended the Administrator's regulations and orders and especially to do so, as is here suggested, only at the protest stage of the proceedings and not then unless the protestant requests a board of review.

The complainant relies for this effect upon the two sentences of the amendment which read: "The Administrator shall cause to be presented to the board such evidence, including economic data, in the form of affidavits or otherwise, as he deems appropriate in support of the provision against which the protest is filed. The protestant shall be accorded an opportunity to present rebuttal evidence in writing and oral argument before the board and the board shall make written recommendations to the Price Administrator."

We think that these sentences, read in the light of the other provisions of the act and of their legislative history, do not support the complainant's contention. Section 203(a), which authorizes a person subject to a regulation or order to file a protest with the Administrator setting forth objections to the regulation or order, provides that the protestant shall file "affidavits or other written evidence in support of such objections." This requirement which imposes upon the protestant the burden of supporting his protest with the necessary invalidating evidence was not modified by the Stabilization Extension Act of 1944 but remains in full force. The construction contended for by the complainant would completely nullify this requirement, however, for it would mean that a protestant, provided he asked for a board of review, might sit back without offering any evidence whatever in support of his protest in the hope that through the failure of the Administrator to prove some necessary fact his protest might succeed without any effort on his part.

It requires little imagination to predict the result of such an interpretation of the act. A flood of protests for consideration by boards of review would surely come in to the Administrator's office and his time and that of his staff would be absorbed in assembling and introducing into the protest proceedings the evidence of all the facts supporting the protested regulations and orders. This he would have to do even though the protestants might have no basis whatever for controverting most of those facts. The tremendous burden of this largely futile work might well disable the Administrator and his staff from the performance of their primary duty of keeping abreast of current developments in price and rent control.

We do not believe that Congress intended any such result. What it primarily desired to correct was the situation under which, as we pointed out in Lakemore Co. v. Brown, Em.App.,1943, 137 F.2d 355, it was possible for the Administrator to wait until he denied a protest before disclosing to the protestant the evidence upon which he relied to overcome the protestant's invalidating evidence. At that stage, of course, it was too late for the protestant to offer rebutting evidence to the Administrator. This procedure had been strongly criticized [2] and Congress undoubtedly intended by the amendment to Section 203(c) to make certain that a protestant might have a reasonable opportunity before final action on the protest to examine and rebut the evidence upon which the Administrator relied

---

[2] See dissenting opinion of Justice Roberts in Yakus v. United States, 1944, 321 U.S. 414, 452-4, 64 S.Ct. 660, 88 L.Ed. 834.

to overcome the invalidating evidence which the protestant had offered in support of his protest.

The debates in the Senate upon the amendment bear this out. Senator Danaher, a member of the subcommittee which had considered the matter, stated that the amendment resulted from the general agreement that there should be administrative hearings available to those who had legitimate protests to offer.[3] No Senator suggested the construction now sought to be placed on the amendment. On the contrary, a discussion between Senators Danaher and Murdock, both members of the subcommittee, made clear the difference between the old protest procedure and the proposed procedure of the amendment. It was pointed out by Senator Murdock that the record which would come to this court would be "practically identical regardless of which procedure is followed".[4] This obviously would not be so under the complainant's view of the new procedure. It was indicated that the only difference in this connection would be that the evidence, including economic data, upon which the Administrator relied would be presented to the board of review before action on the protest instead of being kept in the Administrator's mind and disclosed only at the time of denial of the protest as under the old procedure. It is clear that the evidence to which the Senators referred in this connection was the evidence upon which the Administrator relied to answer the protestant's evidence since under the old procedure no other evidence was ever required to be disclosed by him.

The report of the Senate Committee on Banking and Currency, which proposed the amendment, likewise furnishes no support for the complainant's contention. It merely indicates that Congress desired by the new board of review procedure to see to it that the identity of the responsible officials of the Office of Price Administration upon whose recommendation the Administrator disposes of a protest should be known to the protestant and that he should have an opportunity to advance his protest by means of oral argument to those officials.[5]

We thus find no support in the legislative history of the amendment for the proposition that the Administrator shall have the burden of establishing the validity of the protested regulation or order before the board of review. Moreover, in considering the question before us it is to be remembered that the recommendations of the board of review are to be advisory only and are not to be binding upon the Administrator. It borders on the capricious to suggest that Congress intended that the Administrator should be required to establish the validity of a protested regulation before such a purely advisory board although he carries no such burden before this court, whose judgment is binding upon him.

We accordingly conclude that the evidence which Section 203(c), as amended, requires the Administrator to submit to the board of review and to accord the protestant an opportunity to rebut, is that evidence, and that evidence only, which he deems it appropriate to introduce in support of any provision of the protested regulation which has lost its presumption of validity because of the filing of invalidating evidence by the protestant in the protest proceeding.[6] If the Administrator believes that the evidence which the protestant has filed in support of his protest does not disprove any of the facts set forth in his statements of considerations or otherwise relied upon by him to support the validity of the protested regulation or order he need present no evidence to the board of review. In such a case, however, the Administrator runs the risk that this court may disagree with him and

---

[3] 90 Cong.Rec. 5301.

[4] 90 Cong.Rec. 5304.

[5] Sen.Rep. 922, 78th Cong., 2d Sess., pp. 10, 11.

[6] The statement of considerations which Section 2(a) of the Act, 50 U.S.C.A.Appendix, § 902(a), requires the Administrator to issue with a regulation or order is doubtless evidence of the considerations which moved him to take action. But while the facts recited in such a statement of the Administrator are presumed to be correct unless and until controverted, the statement itself is not evidence of those facts which are controverted by the protestant's evidence. Philadelphia Coke Co. v. Bowles, Em.App., 1943, 139 F.2d 349; Allied Foods v. Bowles, Em.App., 1945, 151 F.2d 449.

hold that the protestant's undisputed evidence has established the invalidity of the regulation or order in question.

In the present case we think that the complainant by reason of its erroneous interpretation of Section 203(c) may perhaps have refrained from offering evidence in the protest proceeding which it would otherwise have offered. Accordingly an order will be entered denying complainant's motion for stay and remand with leave to it within ten days to make application for leave to introduce additional evidence if it be so advised.