Robert B. WYERS, Appellant,

v.

William H. BANNAN, Warden, State Prison of Southern Michigan, and Paul G. Stowers, Mail Superintendent, State Prison of Southern Michigan, Appellees.

No. 13277.

United States Court of Appeals
Sixth Circuit.

Oct. 24, 1957.

No appearance for appellant.

Thomas M. Kavanagh, Perry A. Maynard, and Samuel J. Torina, Lansing, Mich., for appellees.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

PER CURIAM.

Appellant Wyers, an inmate of the State Prison of Southern Michigan, brings this action against William H. Bannan, Warden, and Paul G. Stowers, Mail Superintendent, of the State Prison of Southern Michigan, alleging deprivation of his constitutional rights. On July 31, 1956, appellant attempted to mail a letter to the Clerk of Midland County, Michigan, applying for papers necessary so that appellant, under the statutory provisions for absent voting, might become a registered voter in the County of Midland, Michigan, of which appellant is a resident. Appellees admit that "plaintiff was denied permission to send out such a letter because plaintiff was not qualified to become a registered voter and there was no point in bothering the County Clerk with unnecessary correspondence." The District Court dismissed the complaint.

The judgment must be affirmed for the reason that under this record appellant has established no deprivation of constitutional rights.

■ The general right to vote in the states is primarily derived from the states. Blake v. McClung, 172 U.S. 239, 249, 19 S.Ct. 165, 43 L.Ed. 432; Mason v. State of Missouri, 179 U.S. 328, 335, 21 S.Ct. 125, 45 L.Ed. 214; Breedlove v. Suttles, 302 U.S. 277, 283, 58 S.Ct. 205, 82 L. Ed. 252; Pirtle v. Brown, 6 Cir., 118 F.2d 218. Article III, Section 8, of the Constitution of Michigan authorizes the legislature to enact laws to preserve the purity of elections and guard against abuses of the franchise. This authority includes the power to take away the privilege of voting because of violation of the criminal laws of the state. 18 Am.Jur. 230, Elections, Section 80. The Michigan statutes provide (Compiled Laws 1948, Section 168.758, Michigan Statutes Annotated, Section 6.1758) that the term "absent voter" includes any qualified and registered elector unable, on account of physical disability or on account of the tenets of his religion to attend the polls on the day of election or primary election, "except persons confined in a prison

or jail." The exception quoted expressly withdraws from inmates of prisons the right of absent voting. Under Michigan law, therefore, appellant is deprived of no constitutional right by the transactions set forth in the complaint.

The judgment of the District Court is affirmed.