Annie E. **HARPER** et al., Plaintiffs,

v.

**VIRGINIA STATE BOARD OF ELECTIONS** et al., Defendants.

Mrs. Evelyn **BUTTS**, Plaintiff,

v.

Albertis **HARRISON**, Governor, et al., Defendants.

Civ. A. Nos. 3253, 3346.

United States District Court
E. D. Virginia,
at Alexandria.

Argued Oct. 21, 1964.

Decided Nov. 10, 1964.

J. A. Jordan, Jr., Norfolk, Va., Len W. Holt, Washington, D. C., and Max Dean and Robert L. Segar, Flint, Mich., for plaintiffs in No. 3346.

Ira M. Lechner and Allison W. Brown, Jr., Washington, D. C., and Philip Schwartz, Arlington County, Arlington, Va., for plaintiffs in No. 3253.

Robert Y. Button, Atty. Gen. of Virginia, and Richard N. Harris, Asst. Atty. Gen. of Virginia, Richmond, Va., for defendants Virginia State Board of Elections in No. 3253 and for Albertis Harrison, Governor, in No. 3346.

Donald C. Crounse, Asst. Commonwealth's Atty., Fairfax County, Va., for Electoral Board of Fairfax County and Waneta M. Buckley, General Registrar of Fairfax County, Va., in No. 3253.

Alfred W. Whitehead, Commonwealth's Atty., City of Norfolk, Norfolk, Va., for Mary Dudley, City Registrar, City of Norfolk, Alex H. Bell, City Treasurer, City of Norfolk, and William Prieur, Clerk, Corporation Court, City of Norfolk, in No. 3346.

Before BRYAN, Circuit Judge, and LEWIS and BUTZNER, District Judges.

PER CURIAM:

Poll tax payment as a prerequisite to voting in State and local elections, exacted by the Constitution and statutes of Virginia,[1] is attacked in these two consolidated actions as violative of the no-abridgment and equal protection commands of the Federal Fourteenth Amendment. A corollary attack is made upon the provision of the State constitution excluding "paupers" as persons entitled to vote in any election.[2]

The common premise of the assaults is: that the plaintiffs are financially unable to pay the tax—$1.50 for each of the 3 preceding years for which the elector was assessable; and that they and other State citizens similarly impecunious are thereby deprived, solely on account of their poverty, of the privilege to vote, and at the same time they are also denied a privilege accorded other citizens not so poor.

Notwithstanding the plaintiffs' impoverishment and eligibility to vote, their denunciation of the State constitutional and statutory poll tax requirements has been squarely refuted by the Supreme Court in Breedlove v. Suttles, 302 U.S. 277, 283, 58 S.Ct. 205, 82 L.Ed. 252 (1937). We are not at liberty to deviate from that precept. There the Court considered arguments akin to those of the plaintiffs here, including the economic factor, and rejected them. This court adhered to that precedent in Butler v. Thompson, 97 F.Supp. 17, 22 (1951), aff'd per curiam 341 U.S. 937, 71 S.Ct. 1002, 95 L.Ed. 1365. In this it adverted to the like holding of this Circuit in Saunders v. Wilkins, 152 F.2d 235, 237 (1945), cert. denied 328 U.S. 870, 66 S. Ct. 1362, 90 L.Ed. 1640, rehearing denied 329 U.S. 825, 67 S.Ct. 119, 91 L.Ed. 701, an appeal touching the Virginia constitutional and statutory clauses now questioned. The tax is levied upon every adult resident irrespective of his intent to vote.[3] Moreover, no racial discrimination is exhibited in its application as a condition to voting. Cf. Butler v. Thompson, supra, 97 F.Supp. 17, 21.

Adequate answer to the attack upon the exclusion of paupers is that this disqualification—apparently of early historical origin and prevalent in several States—has not been employed to prevent the plaintiffs or their class from voting. Plaintiffs do not essay a showing that they, or anyone else in destitute circumstances, have been designated "paupers" in the sense of the Virginia Constitution. Therefore, an expression by us upon the meaning the implications of that term would be entirely academic and without place here.

The complaint in each of these cases will be dismissed.

Dismissed.

1. Va. Constitution §§ 18, 20, 21 and 38; 1950 Code of Va. as amended §§ 24-17, 24-22, 24-67, and 24-120. The separation by race or color, as required in § 38 of the Va. Constitution and § 24-120 of the Code of Virginia, in the listing of persons who have paid the poll taxes was declared invalid by this court in Hamm v. Virginia State Board of Elections, 230 F.Supp. 156, aff'd October 26, 1964, 379 U.S. 19, 85 S.Ct. 157, 13 L.Ed.2d 91.

2. Va. Constitution § 23; 1950 Code of Va. § 24-18, as amended.

3. Va. Constitution § 173; 1950 Code of Va. § 58-49, as amended.