THE STATE v. PERRY E. WILLIAMS, Appellant.—87 S. W. (2d) 423.

Division Two, November 5, 1935.

*Tom R. Moore* for appellant.

*Roy McKittrick,* Attorney General, and *William W. Barnes,* Assistant Attorney General, for respondent.

LEEDY, J.—This is an appeal from a judgment of the Circuit Court of Christian County convicting appellant, upon a trial before a jury, of a violation of Section 9118, Revised Statutes 1929 (practicing medicine without authority), and assessing his punishment at a fine of Fifty Dollars.

As the conviction is for a misdemeanor, this court is without jurisdiction of the appeal, unless a constitutional question is involved, and has been properly preserved for review. Contending that no such question is presented by the record before us, respondent has filed its motion to transfer. From the transcript it appears that appellant first sought to raise the constitutionality of the statute on which the prosecution is based by objecting to the introduction of any evidence in the case on the asserted ground that "this pretended prosecution . . . and the act of the Legislature under which this prosecution is based" violates certain sections of the Constitution, namely: "Sections 15, 20, and 30 of Article II of the Constitution of Missouri, and Article 15 of the Constitution of the United States, and all amendments thereto." The objection being overruled, an exception was saved to the ruling. The next and only other reference to a constitutional question is contained in the third paragraph of the motion for new trial, which reads as follows: "Third: That the information, prosecution and verdict of the jury in this case is unconstitutional, denies to the defendant the equal protection of the law, and undertakes to prosecute and make criminal that which was granted to him by the State, and the statute under which such prosecution was based is retroactive and deprives him of his property without due process of law, and is violative of the Constitution of the United States."

It is an entirely familiar rule, requiring no citation of authorities, that in so grave a matter as a constitutional question, it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, and must thereafter be kept alive by appropriate steps; otherwise, it will be waived. It is not contended that the instant case

falls within that comparatively rare class discussed in Lohmeyer v. Cordage Co., 214 Mo. 685, 113 S. W. 1108, wherein such a question may be raised for the first time in motion for new trial.

Whether the first door open to appellant to challenge the constitutionality of act upon which this prosecution was bottomed was by objection to the introduction of any evidence is a question we need not decide. But assuming the attack was timely, and assuming, further, that the point was raised with that degree of particularity required to invoke a constitutional question, can it be said that it was thereafter kept alive? We think not. A demurrer was offered at the close of the State's case, and renewed at the close of all the evidence. The grounds of such demurrers did not embrace, but wholly ignored, the constitutional objections urged to the introduction of any evidence. We think the failure to renew the constitutional objections, by including and embodying them in the demurrers offered, was fatal. And so, having neglected to pursue the constitutional point, when that course was left open, "it died below, and remains dead above." [Shohoney v. Q. O. & K. C. Railroad Co., 231 Mo. 131, 132 S. W. 1059; Lavelle v. Met. Life Ins. Co. (Mo.), 231 S. W. 616; Syz v. Milk Wagon Drivers' Union, 323 Mo. 130, 18 S. W. (2d) 441, and cases therein cited.]

▉ Furthermore, assignments such as found in the quoted paragraph of the motion for new trial, were, even before the enactment of what is now Section 3735, Revised Statutes 1929, Section 3735, 4 Mo. Stat. Ann., page 3275 (requiring motions for new trial in criminal cases to "set forth in detail and with particularity . . . the specific grounds or causes therefor"), held to be mere averments of legal conclusions, and tender no issue because not indicating how or wherein the statute infringes upon our organic law. [State v. Goetz (Mo.), 253 S. W. 710, and cases therein cited.] A mere assertion that the statute under which the defendant is prosecuted is in conflict with certain numbered sections of the Constitution, without a statement of the facts creating, or the nature of the conflict, will not confer appellate jurisdiction on the Supreme Court. [State v. Goad, 296 Mo. 452, 246 S. W. 917. See, also, State v. Nece (Mo.), 248 S. W. 963; State v. Berry (Mo.), 253 S. W. 712; Chapman v. Adams (Mo.), 230 S. W. 80; McGill v. City of St. Joseph (Mo.), 31 S. W. (2d) 1038.]

Having reached the conclusion that no constitutional question is involved, the case should be transferred to the Springfield Court of Appeals. It is so ordered. All concur.