## Wilbank et ux. *v.* Chester and Delaware Counties Bartenders, Hotel and Restaurant Employees Union et al., Appellants.

Argued April 22, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Albert Blumberg,* with him *Louis H. Wilderman,* for appellants.

*Robert F. Jackson,* for appellees.

OPINION BY MR. JUSTICE LINN, July 6, 1948:

Defendant labor union and the individual defendants appeal from an injunction granted at the instance of plaintiffs, proprietors of the Imperial Hotel in Chester, Pennsylvania, restraining defendants from picketing the hotel. The injunction was granted on the ground

that the picketing was for an unlawful purpose. The decree is supported by facts found on sustaining evidence. No witnesses were called by the defendants though one of them, Rocco Locantore, the union's business agent, was called by the plaintiffs as for cross-examination.

Defendants contend (1) that equity has no jurisdiction because the Labor Relations Act provides a remedy, (2) that as a proceeding was pending before the Labor Relations Board, comity required the dismissal of the bill, (3) that equity cannot enjoin peaceful picketing for organizational purposes, (4) the picketing did not constitute a secondary boycott.

The controlling question is whether the picketing which was prohibited was for an unlawful purpose. If the purpose was unlawful the case presented was within the general equity jurisdiction of the court, unrestricted either by the Labor Anti-Injunction Act of 1937, P. L. 1198, 43 PS §206a, as amended in 1939, P. L. 302, 43 PS §206d, or by the Labor Relations Act of 1937, P. L. 1168, 43 PS §211.1. An injunction restraining unlawful picketing is not an infringement of the constitutional guaranty of free speech.

The plaintiffs conduct a hotel, restaurant and tap-room with fourteen employes. There was no controversy between plaintiffs and their employes. A majority of them were not members of a labor union and did not wish to become members. The plaintiffs had no objection to any of their employes joining any union and offered no objection to defendants' effort to persuade them to join a union. Defendant union did not represent any of plaintiffs' employes. In April or May, 1947, the defendant, Rocco Locantore, the defendant union's business agent, submitted to plaintiffs for execution a form of contract to govern plaintiffs' relations with their employes and requiring plaintiffs to employ only union employes; Locantore informed plaintiffs that if they did not execute the contract picketing would result.

Plaintiffs, desiring not to coerce their employes declined to comply with Locantore's request and the picketing followed as threatened. Pickets obstructed[1] plaintiffs' doorways "so as to hinder customers' entrances thereto." "42. A fist fight occurred between one of the pickets and customers of plaintiffs' place of business at the hotel. 43. One of the pickets used vile and abusive language to and threatened to 'get' one of the plaintiffs' employes." The court also found that "sellers and suppliers of foods, soft drinks, beer and services have, as a result of the picketing, refused to make deliveries to plaintiffs at their place of business although prior [to the picketing] deliveries were regularly made."

Section 4 of the Labor Anti-Injunction Act of 1937, P. L. 1198, was amended by the Act of June 9, 1939, P. L. 302, 43 PS 206d, providing that the prohibition against injunction "shall not apply in any case . . . (b) Where a majority of the employes have not joined a labor organization . . ." which is the case here; "(c) Where any person, association, employe, labor organization, or any employe, agent, representative, or officer of a labor organization engages in a course of conduct intended or calculated to coerce an employer to commit a violation of the Pennsylvania Labor Relations Act of 1937 or the National Labor Relations Act of 1935."

---

[1] While patrolling the sidewalks adjacent to plaintiffs' place of business, the pickets carried various signs about 20" x 30" in size. For a period of about 6 weeks signs bore the legend, "IMPERIAL HOTEL AND BAR    THIS IS A NON UNION HOUSE    WE EARNESTLY REQUEST OUR FRIENDS & SYMPATHIZERS NOT TO PATRONIZE    HOTEL AND RESTAURANT EMPLOYES & BARTENDERS INTERNATIONAL UNION AFFILIATED WITH THE A. F. OF L."

From August 1, 1947, to Sept. 1, 1947, the signs bore the legend "IMPERIAL HOTEL AND BAR IS NON UNION    PHILADELPHIA LOCAL JOINT BOARD A. F. OF L."

From September 1, 1947, to the date of the hearings the signs bore the legend "IMPERIAL HOTEL AND BAR    THIS IS A NON-UNION HOUSE . . ."

This record presents a case directly within the amendment restoring general equity jurisdiction. "A majority of [plaintiffs'] employes have not joined a labor organization." They seem to prefer to exercise the right of not joining any union, a right which is protected by section 5 of the Pennsylvania Labor Relations Act of 1937, P. L. 1168, 43 PS 211.5. Section 6 of the same Act makes it "an unfair labor practice" for an employer to interfere with, restrain or coerce employes in the exercise of the rights guaranteed by the Act. 43 PS 211.6.

Defendants' purpose in picketing was to require plaintiffs to force their employes to join the union or to discharge them and employ others who are members of the union. Such a purpose is clearly unlawful and subject to restraint: see sec. 13, Act of June 16, 1836, P. L. 784, 12 PS §1221; 17 PS §§281, 282, 2082, and the Act of February 14, 1857, P. L. 39, 17 PS 283; compare *Main C. & D. Inc. v. Columbia etc.*, 332 Pa. 71, 2 A. 2d 750. The exercise of this general equity jurisdiction is not restricted by the Labor [2] Relations Act; nor is such an organized effort to force plaintiffs to violate the law excused by saying, as appellants' brief does, that the picketing was done "solely for organizational purposes by persons engaged in the same trade . . ."

In analogous circumstances the same principles were applied in *R. H. White Co. v. Murphy,* 310 Mass. 510, 38 N. E. 2d 685 (1942) as appears in the following extracts from the opinion of the court: "The defendants contend, however, that, even though the contract be invalid, it is the function of the commission and not of the courts to set it aside, because the commission is given exclusive jurisdiction by G. L. [Ter. Ed.] c. 150 A. §6(a), to bring proceedings to prevent unfair labor practices. We are of opinion, however, that by refusing

---

[2] After the decree in this case was entered, the Labor Relations Board made a cease and desist order against defendants in the proceeding pending before the Board.

to enforce the contract the judge did not infringe the jurisdiction of the commission. It was appropriate to consider the question of the validity of the contract in determining whether it should be enforced, and there is nothing in the labor relations act restricting that inherent power of a court of equity. See Devon Knitwear Co. Inc. v. Levinson, 173 Misc. (N. Y.) 779, 781 [19 N. Y. S. 2d 102] ; 2 Teller, Labor Disputes and Collective Bargaining, §271, and cases cited." Later in the opinion the court says: "To conform to the defendants' demands, compliance with which they sought to effect by picketing, it is manifest that the plaintiff would have to engage in an unfair labor practice as defined by the statutes just referred to, and in contravention thereof to discharge over three fourths of the employees involved, and to bargain with the defendants under the contract in question, which was of no force and effect, and to refuse to bargain with the certified representative of the employees as determined in the proceedings of the commission and as required in law ; in brief, to do something it cannot legally do." See, also, *Fashioncraft, Inc. v. Halpern,* 313 Mass. 385, 48 N. E. 2d 1.

Having reached the conclusion stated above it is unnecessary to deal with alleged secondary boycott.

Decree affirmed; one-half the costs to be paid by the appellant Local No. 677 and the other half by Rocco Locantore, defendant.