## Lee v. Conrad et al.

*Lawrence A. Robie* and *Frank P. Lenahan*, for plaintiff.

*Daniel J. Flood* and *James L. Brown*, for defendants.

PINOLA, J., February 1, 1950.—We have for consideration defendants' petition for an order on plaintiff requiring him to pay costs and expenses, as well as a reasonable counsel fee under the Labor Anti-Injunction Act of June 2, 1937, P. L. 1198.

On October 15, 1948, plaintiff filed a bill in equity against defendants and a preliminary injunction was awarded restraining certain picketing in front of his motion picture theatre at 220 Division Street, Hanover Township.

Following a hearing on November 29, 1948, the injunction was dissolved by Valentine, P. J., on December 7, 1948.

On December 14, 1948, defendants filed preliminary objections to the bill, one of which was sustained by decision on March 24, 1949, and plaintiff was ordered to amend his bill within 20 days. This he failed to do, so we have this day dismissed the bill.

Section 17 of the Labor Anti-Injunction Act provides:

"Upon denial by the court of any injunctive relief sought in an action involving or growing out of a labor dispute, the court shall order the complainant to pay reasonable costs and expenses of defending the suit and a reasonable counsel fee": Act of June 2, 1937, P. L. 1198, sec. 17; 43 PS §206q.

### Questions Involved

The disposition of defendants' request requires our consideration of two questions:

(a) Is the dismissal of the bill for failure to amend in effect a denial of injunctive relief sought?

(b) Does this action involve or grow out of a labor dispute?

### Discussion

In Osborne, Trustee, v. Hollenback, 3 Luz. 138, two plaintiffs asked for an order for the dismissal and discontinuance of the suit upon payment of costs, "without prejudice to their alleged rights as against the said John Welles Hollenback, through the said Edwin S. Osborne". In that case a demurrer was sustained "with leave to the plaintiff to move to amend within twenty days". When the time allowed had expired without amendment, defendant's right to a formal decree dismissing the bill was complete. Rice, P. J., said (p. 138):

"If this were a simple motion for an order of dismissal without more, there would seem to be no serious objection to its allowance. But the effect of adding to such order a qualification that it shall be without prejudice would be to totally nullify what has been done in the case, and to forestall any possible effect which it might have upon a future suit. At this stage of the suit, I do not think this is within the discretionary power of the court."

He then pointed out that if a decree dismissing the bill were pleadable in bar of a new bill, defendant's right to have the benefit of such a decision upon the demurrer is of the highest nature, and neither plaintiffs nor the court could deprive him of it. If, however, as plaintiffs contended, the sustaining of the demurrer was not a judgment on the merits, then an order dismissing the suit "without prejudice" would seem not to be necessary for the plaintiffs' protection. In conclusion, he said:

"At any rate, I am clearly of opinion that the plaintiffs are not in position to force a decision of its conclusiveness in advance, and that an order dismissing the suit upon the plaintiffs' motion should be given the same effect, so far as the court has control over the same, as a dismissal of the bill upon the demurrer. This will leave the question of the conclusiveness of

the decision upon the demurrer to be determined where it properly belongs in the new suit which the plaintiffs desire to bring."

That very question is now before us, though it arises under different circumstances.

Our research has failed to reveal any decision in our State, but in Polish American Building and Loan Association v. Dembowczyk, 167 Md. 259, 173 Atl. 254, the court held the effect of an order sustaining a demurrer to a bill without leave to amend and dismissing the bill was to hold that the bill did not make out a case entitling complainant to relief requested. If that be correct, then the dismissal of the bill for failure to amend following the sustaining of a demurrer would have the same effect.

The decree of dismissal is a judicial determination of the question as to the legal sufficiency of the facts pleaded: 19 Am. Jur. 226, §317. Therefore, in our opinion, the decree which we have entered is a final decree and could be pleaded in bar of a new bill having the same object as the present bill.

This conclusion brings us to the second question.

The Act of June 2, 1937, P. L. 1198, sec. 17, provides for the payment not only of costs and expenses but of counsel fees. It therefore contains penal provisions: McIntosh v. Crandall et al., 47 Cal. App. (2d) 126, 117 P. (2d) 380 (costs); Woodmen of the World v. Smauley, 153 S. W. (2d) (Texas) 608 (attorneys' fees).

And it must be strictly construed: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558.

The Labor Anti-Injunction Act of June 2, 1937, P. L. 1198, sec. 3(c), 43 PS 206(c), provides:

"The term 'labor dispute' includes any controversy concerning terms or conditions of employment, or con-

cerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment or concerning employment relations or any other controversy arising out of the respective interests of employer and employe, regardless of whether or not the disputants stand in the proximate relation of employer and employe, and regardless of whether or not the employes are on strike with the employer."

This section was construed in Dorrington et al. v. Manning et al., 135 Pa. Superior Ct. 194. The court declared (p. 205):

"Although the definition of 'labor dispute', as used in our act, is comprehensive and should be given a broad interpretation, consistent with the purposes of the act as set forth in section 2, it seems manifest that a dispute is not a labor dispute unless the controversy is over 'terms or conditions of employment,' or 'the association or representation of persons in negotiating . . . or seeking to arrange terms or conditions of employment . . .,' as defined in paragraph (c) of section 3 of the act. No one would say that a dispute between two employees of the same employer over a right of way, division line of property, or some other private matter would be a labor dispute, because terms or conditions of employment would not be involved. So, here, there was no controversy concerning the terms or conditions of employment. That matter, so far as the record shows, had been completely settled by the execution of the collective-bargaining agreement on May 23, 1937. This contention grew out of the plaintiffs' endeavoring to get into a union, under an agreement, while the union is trying to keep them out. There was no dispute as to what group should represent the employees for the purpose of collective-bargaining; nor, in view of the defendants' unwarranted refusal to admit plaintiffs into membership, could defendants'

action in forcing the employer to discharge the plaintiffs have had for its purpose the employment of none other than members of the defendant association. We can but conclude, therefore, that under the facts before us this was not a 'labor dispute' within the provisions of our statute."

And in Ralston et al. v. Cunningham et al., 143 Pa. Superior Ct. 412, the court, after referring to Dorrington v. Manning, supra, declared (p. 420) :

"In the present case there is no question as to which labor union should be the bargaining agent of the employees. There is no dispute as to wages or hours, or as to terms or conditions of employment as such words are used in the statute. The fact that an employer and employee, or a union and an employee, are involved in a case does not prevent the court from assuming jurisdiction. The Act of June 2, 1937, P. L. 1198, as amended by the Act of June 9, 1939, P. L. 302, 43 P. S., Sec. 206a et seq., merely provides, in effect, that, in any case involving or growing out of a labor dispute, the court shall not have the power to issue injunctions to prohibit the particular acts specified in sections 6 and 7 of the act, 43 P. S. §§206f, 206g. Main Cleaners & Dyers, Inc., v. Columbia Super Cleaners, Inc., et al., 332 Pa. 71, 75, 2 A. 2d 750. The instant case is the result of a difference of opinion as to the construction of a contract which apparently settled a labor dispute. The controversy involves and grows out of this contract, and in no way involves or grows out of a labor dispute, as contemplated and defined in the Act of June 2, 1937, P. L. 1198, as amended by the Act of June 9, 1939, P. L. 302, 43 P. S. §206a et seq."

For the reasons stated, a petition for the allowance of counsel fees was refused: Ralston v. Cunningham, 143 Pa. Superior Ct. 412, 421.

We are constrained to reach the same conclusion. In the instant case the controversy is not over "terms

or conditions of employment," or "the association or representation of persons in negotiating . . . or seeking to arrange terms or conditions of employment . . .," as defined in paragraph (c) of section 3 of that act. Here we have only one employe operating a motion picture machine under a State-issued license who does not belong to any union. There is no controversy between him and his employer, and no association assumes to represent him in negotiating or seeking to arrange terms or conditions of employment. Here we simply have picketing which is peaceful and which is intended, according to defendants, only to inform the public that—"This Theatre will not employ union employees of Local No. 325." They disclaim any intent to coerce plaintiff into discharging his single employe and hiring three of Local No. 325 in his stead.

This case is ruled by Wilbank et ux. v. Bartenders Union et al., 360 Pa. 48. While there were some acts of disorder in that case, the injunction was granted not because of violence but because the picketing was for an unlawful purpose. Mr. Justice Linn declared (p. 50):

"The controlling question is whether the picketing which was prohibited was for an unlawful purpose. If the purpose was unlawful the case presented was within the general equity jurisdiction of the court, unrestricted either by the Labor Anti-Injunction Act of 1937, P. L. 1198, 43 P. S. §206a, as amended in 1939, P. L. 302, 43 P. S. §206d, or by the Labor Relations Act of 1937, P. L. 1168, 43 P. S. §211.1. An injunction restraining unlawful picketing is not an infringement of the constitutional guaranty of free speech."

He pointed out (p. 51):

"Section 4 of the Labor Anti-Injunction Act of 1937, P. L. 1198, was amended by the Act of June 9, 1939, P. L. 302, 43 P. S. 206d, providing that the prohibition against injunction 'shall not apply in any case . . .

(b) Where a majority of the employes have not joined a labor organization . . .' which is the case here; '(c) Where any person, association, employe, labor organization, or any employe, agent, representative, or officer of a labor organization engages in a course of conduct intended or calculated to coerce an employer to commit a violation of the Pennsylvania Labor Relations Act of 1937 or the National Labor Relations Act of 1935.' "

And concluding that the record presented a case directly within the amendment restoring general equity jurisdiction, he said (p. 52) :

" 'A majority of (plaintiffs') employes have not joined a labor organization.' They seem to prefer to exercise the right of not joining any union, a right which is protected by section 5 of the Pennsylvania Labor Relations Act of 1937, P. L. 1168, 43 P. S. 211.5. Section 6 of the same Act makes it 'an unfair labor practice' for an employer to interfere with, restrain or coerce employes in the exercise of the rights guaranteed by the Act, 43 P. S. 211.6.

"Defendants' purpose in picketing was to require plaintiffs to force their employes to join the union or to discharge them and employ others who are members of the union. Such a purpose is clearly unlawful and subject to restraint."

When plaintiff, in our case, averred that the purpose of defendants' picketing was to force him to engage in an unfair labor practice by discharging his only employe and engaging in his stead three members of Local No. 325, he did not comply with Equity Rule 34 which requires that every bill shall contain "in a concise and summary form, a statement of the facts on which plaintiff relies. . . ." For that reason he was required to amend his bill. This he did not do, perhaps because he had no further evidence to offer in support

of that averment than that which he had presented before Judge Valentine at the preliminary hearing, and which the court had adjudged to be insufficient. For whatever reason, his failure to amend eliminates from our consideration that charge. However, the fact remains that plaintiff has but one employe, that he has not joined a labor organization, and, therefore, according to the very terms of the Labor Anti-Injunction Act, sec. 4(b), that act does not apply.

Since the present controversy does not involve a labor dispute and the court had jurisdiction unrestricted by the Labor Anti-Injunction Act, defendants are not entitled to an order for costs, expenses and counsel fees under section 17.

Therefore, we enter the following

*Order*

Now, February 1, 1950, the petition of defendants for an order upon plaintiff to pay costs, expenses and counsel fees, is denied.