KENMIKE THEATRE, INC. *v.* MOVING PICTURE OPERATORS, LOCAL 304, AMERICAN FEDERATION OF LABOR, ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 7—decided July 8, 1952

*James F. Rosen* and *Norman Zolot,* for the appellants (defendants).

*Perry Graicerstein,* with whom was *Eugene H. Kaplan,* for the appellee (plaintiff).

*Herman M. Levy* filed a brief as amicus curiae.

JENNINGS, J. The question to be decided is whether the court had the power to enjoin peaceful picketing by the defendants of the plaintiff's theater to force unionization of its employees. The facts found can be briefly stated. The plaintiff operates a neighborhood motion picture theater in Waterbury and employs seven persons. Two of them are projectionists. There has been no dispute between the plaintiff and its employees concerning hours, wages or conditions of employment. None of the employees are members of a union. The defendants are a union and its officers. They will be referred to as the union. It has contracts covering terms and conditions of employment with most of the theaters in the Waterbury area. The union demanded that the plaintiff enter into a contract requiring, among other things, that the plaintiff hire as projectionists only members of the union on terms prescribed by it and that the two projectionists employed at the theater become members of the union or lose their employment. When the plaintiff refused to enter into such a contract the union caused the plaintiff's theater to be peacefully picketed on July 22, 1950. The picketing continued to the date of trial, December 6 and 7, 1950. People have been annoyed and made uncomfortable thereby and have refused to patronize the plaintiff's theater because of it. The defendants did not pursue in their brief their attack on the finding. There was no reason for printing the evidence.

On these facts the court concluded that no labor dispute existed between the plaintiff and the union within the meaning of General Statutes, § 7409, that the plaintiff suffered and will suffer irreparable loss from the picketing and its continuance, that compliance by the plaintiff with the union's demands would violate the rights of the plaintiff's employees under the laws of the state, that the picketing was unlawful and that the plaintiff was entitled to injunctive relief. The union claims that these conclusions are not supported by the subordinate facts. It claims further that the picketing was within the constitutional provisions protecting the right of free speech and dissemination of information. U. S. Const. Amend. XIV § 1 (due process); Conn. Const. Art. 1 §§ 5, 6.

The only relevant Connecticut statutory limitation on the jurisdiction of the court to issue the injunction is contained in the so-called "Little Norris-LaGuardia Act," General Statutes, chapter 372. Our Labor Relations Act, chapter 370, must also be considered in this connection. Section 7391 guarantees to employees the right of self organization free from actual interference, restraint or coercion by employers. Section 7392 outlines unfair labor practices on the part of employers and in subsection 10 specifically prohibits acts which restrain, coerce or interfere with employees in the exercise of their rights of self organization as they are set forth in § 7391. Section 7411 provides: "No court shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in section 7408, except after hearing . . . and except after a finding of facts by the court, to the effect: (a) That unlawful acts have been threatened and will be committed by a person or

persons unless such person or persons be restrained therefrom . . .; (b) that substantial and irreparable injury to the complainant or his property will follow; (c) that as to each item of relief granted greater injury would be inflicted upon the complainant by the denial of relief than would be inflicted upon the defendants by the granting of relief; and (d) that the complainant has no adequate remedy at law." The court did not make a finding eo nomine under this statute because it held that a labor dispute was not involved. If we assume without deciding that a labor dispute was involved, the substance of these findings must, of course, be of record if the issuance of the injunction is to be upheld. The findings required by subsections (a), (b) and (d) are contained in either the memorandum of decision or the finding, or both. A conclusion satisfying the requirements of subsection (c) follows necessarily from the other facts found. Subsections (b), (c) and (d) are ultimate conclusions of fact. Whether the acts complained of are unlawful is a conclusion of law.

The court found that the purpose of the picketing was to force the plaintiff to employ only union members. It was thus an attempt to force the plaintiff to violate the statute ensuring to its employees freedom from interference by their employer. § 7391. *Loew's Enterprises, Inc.* v. *International Alliance of Theatrical Stage Employees,* 125 Conn. 391, 395, 6 A.2d 321, held that even peaceful picketing may be unlawful if it is for an unlawful purpose. The following cases from other states having similar anti-injunctive legislation hold that picketing to force employers who have no dispute with their employees to require the latter to join the picketing union is unlawful and may be enjoined. *Roth* v. *Local Union of Retail Clerks Union,* 216 Ind. 363, 371, 24 N.E.2d

280; *Town House Inc. of Boston* v. *Hurley,* 325 Mass. 621, 625, 91 N.E.2d 758; *Silkworth* v. *Local 575,* 309 Mich. 746, 753, 16 N.W.2d 145 (no statute involved); *Goodwins, Inc.* v. *Hagedorn,* 303 N.Y. 300, 305, 101 N.E.2d 697, aff'd, 303 N.Y. 673, 102 N.E.2d 833; *Wortex Mills, Inc.* v. *Textile Workers Union,* 369 Pa. 359, 367, 85 A.2d 851; see *Wilbank* v. *Chester & Delaware Counties Bartenders Union,* 360 Pa. 48, 52, 60 A.2d 21; 1 Teller, Labor Disputes & Collective Bargaining, § 210; 2 id. § 279; note, 127 A.L.R. 873.

General Statutes, § 7392 (5) permits closed shop agreements. Such agreements can only be negotiated, however, when "such labor organization is the representative of employees as provided in section 7393." As has been stated, the plaintiff's employees were members of no union. This section does not apply.

Many apposite quotations are available from the cases cited. The following is typical. It is taken from *Safeway Stores, Inc.* v. *Retail Clerks' Union,* 184 Wash. 322, 338, 51 P.2d 372, and is quoted with approval in *Gazzam* v. *Building Service Employees International Union,* 29 Wash. 2d 488, 497, 188 P.2d 97, 11 A.L.R.2d 1330, and note, 1338, 1340. "The vital, controlling question at issue here is plain and easy of solution. It in no way pertains to the relations between the appellant, a merchant, and its employees. For aught that appears, they are content and satisfied, among themselves. On the contrary, this is a lawsuit between appellant and a third party —a labor union that does not include in its membership any employee of the appellant. What right have the respondents to insist or demand, at the threat or cost of the destruction of appellant's business, or at all, that appellant ask, urge or coerce, directly or indirectly, its employees, who are at

liberty to do as they please, to join respondents' organization? Of course, there is nothing unlawful in hiring clerks or salesmen who are not members of a local organization such as the respondent; and any attempt, like that in this case, to deny or cripple one's right to do so is an unwarranted attempt by individuals or persons to unreasonably interfere with the freedom of the liberty and property right of contract.''

The numerous cases cited by the defendants have been examined, but it would serve no useful purpose to analyze them in detail. They establish the fact, admitted in the briefs, that there is a sharp conflict of authority on the principal question, although the recent trend of the authorities supports the conclusion we have reached. Most of the federal cases are decided on the principle that the federal courts accept the interpretation of state law adopted by the highest court of the state in question. See, for example, *Senn* v. *Tile Layers Protective Union*, 222 Wis. 383, 268 N.W. 270, aff'd, 301 U.S. 468, 477, 57 S. Ct. 857, 81 L. Ed. 1229.

The union has advanced the claim in its brief that the restraining of peaceful picketing is a deprivation of its constitutional right of free speech, as set forth above. No such issue is raised by the pleadings, nor was the claim made at the trial. "It is an entirely familiar rule, requiring no citation of authorities, that in so grave a matter as a constitutional question, it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, and must thereafter be kept alive by appropriate steps; otherwise, it will be waived." *State* v. *Williams*, 337 Mo. 987, 988, 87 S.W.2d 423; *Aetna Ins. Co.* v. *Hyde*, 275 U.S. 440, 447, 48 S. Ct. 174, 72 L.

Ed. 357; 11 Am. Jur. 774; 16 C.J.S. 226. On the merits, it is well settled that the issuance of an injunction to restrain picketing for an unlawful purpose does not violate the constitutional guarantee of the right of freedom of speech. *Building Service Employees International Union* v. *Gazzam,* 339 U.S. 532, 536, 70 S. Ct. 784, 94 L. Ed. 1045; *Silkworth* v. *Local 575,* 309 Mich. 746, 757, 16 N.W.2d 145; *Wilbank* v. *Chester & Delaware Counties Bartenders Union,* 360 Pa. 48, 50, 60 A.2d 21.

As is indicated in many of the cases cited, the discussion could be prolonged almost indefinitely. We have tried to keep it within reasonable bounds. We hold that the subordinate facts justify the conclusions of the trial court that the picketing was unlawful and that the plaintiff was entitled to injunctive relief.

There is no error.

In this opinion BROWN, C. J., and INGLIS, J., concurred.

O'SULLIVAN, J. (concurring). I concur in the result. I am not satisfied, however, that the opinion makes clear the extent of its operation. Peaceful picketing for an illegal purpose should be enjoined. The illegality found in the case at bar stems solely from the statute. It lay in the effort of the defendants to coerce the plaintiff, contrary to the provisions of §§ 7391 and 7392 (10), into compelling its employees to join a union against their will. As the opinion aptly states: "It was thus an attempt to force the plaintiff to violate the statute ensuring to its employees freedom from interference by their employer." If the object of the defendants had not been to coerce the plaintiff into an interference with that freedom, the statute would not have been vio-

lated. In other words, not every attempt to coerce the plaintiff would be unlawful. An example of this, I apprehend, would have occurred if the defendants had sought, by peaceful picketing, to compel the plaintiff to improve the working conditions of its employees.

In this opinion BALDWIN, J., concurred.