NORTH EASTERN THEATRES, INC. *v.* MOTION PICTURE OPERATORS LOCAL 479, INTERNATIONAL ALLIANCE OF THEATRICAL AND STAGE EMPLOYEES, A.F.L., ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 85980

Memorandum filed July 22, 1957.

*Samuel A. Persky,* of New Haven, for the plaintiff.

*Vincent D. Flaherty,* of Norwalk, for the defendants.

TROLAND, J.   The plaintiff is a Connecticut corporation, organized in June, 1957, for the purpose,

among other things, of acquiring the lease of a motion picture theater in South Norwalk known as The Palace Theatre, and of operating said theater. The Palace Theatre was then being operated under a lease by Connecticut Theatrical Enterprises from a motion picture organization described in the testimony as Stanley Warner Corporation. For a long time, and particularly since September 1, 1954, stage employees and moving picture machine operators were supplied to The Palace Theatre under an agreement between "Stanley Warner operators of the Palace Theatre" and Norwalk Local No. 479 of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada.

The business agent of the union placed the men on their respective jobs. Of interest in this case is the fact that the agreement required two operators in the projection room, or booth, two relief operators, and one man "classed as a maintenance man" in the agreement and as a "stage hand" in some of the testimony. The agreement referred to above expires September 1, 1957.

The previous operators of the theater, however described, and the plaintiff arranged for a subletting by said operators to the plaintiff, to commence June 30, 1957. Under this contract of subletting, the plaintiff assumed all the obligations of the sublessors under a document referred to as "the underlying lease," and acquired control of the theater and all equipment therein, but did not agree to continue the employment of the operating personnel. On June 14, 1957, the business agent of the union was notified by William Landers, described in the notice as "Manager, Palace Theatre, So. Norwalk, Conn." as follows: "This is to advise you that our last day of operation of the Palace and Realto Theatres, South Norwalk, Conn., will be June 28, 1957." The

operating personnel furnished by the union were paid wages to the date of termination, and also vacation pay.

The plaintiff, North Eastern Theatres, Inc., took possession of the theater under its sublease, at 12:01 a.m., June 30, 1957. William Landers continued as manager. After acquiring its sublease, and prior to taking possession and control of the theater on June 30, the plaintiff, acting by its vice president, approached the union, through its international officers, and then by reference, to the business agent of the local, to discuss staffing the projection room. A conference was arranged and held on Tuesday, June 25, 1957. At this conference the plaintiff stipulated that it would discuss a "deal" if the union would face the facts and discuss the employment of one man in the booth and no stagehands. Plaintiff requested a "proposition" from the union on that basis. Discussion continued, however, with respect to other details. The plaintiff demanded a deal by Sunday, June 30, and stated it had an operator in mind. The union requested continuance on the basis of the contract with the previous operator. A later conference was held after a union meeting, but no agreement was reached. The union representative stated the union would picket the theater.

On June 30, the theater opened with a projectionist furnished by the plaintiff, and not a member of the union. Plaintiff now employs two motion picture operators, one of whom is a part-time operator. The plaintiff maintains that it is involved in no labor dispute with any of its employees, past or present, that none of its employees are members of the defendant union, and that there is no dispute between the plaintiff and any of its employees including its projectionists, concerning wages, hours, or working conditions. The above facts are true.

The individual defendants Brazill and Keller have for many years been employees of The Palace Theatre and continued to be so until the taking over of control of that theater by the plaintiff on June 30. They, of course, admit they are not now employees of the plaintiff and never have been, their position being that they were employees of "The Palace Theatre" and they "want their jobs back." The local is a small union of nineteen members, some of whom are employed in the projection booths of other theaters in the Norwalk area. The union desires to establish and maintain the policy of two men in a booth, with two relief men and a maintenance man, as proper working conditions, etc., in its jurisdictional area. The plaintiff maintains that one operator and one relief operator are all that present conditions in the business warrant and all that are necessary, and that the maintenance man or stagehand is an unnecessary "feather bed" job.

The first question to decide is whether a "labor dispute" as defined by law exists in this case. A great deal of legal authority holds there is not. Other legal authority holds there is. In the conflict of opinion in general, however, there is support for the finding that each case must stand or fall on its own facts.

In this case there is no relationship of employer and employee between the parties. There is no "strike" by any group of employees against the plaintiff, no concerted suspension of employment.

However, the plaintiff and the defendants are persons engaged in the same industry and occupation; they are interested directly and indirectly in the subject matter, the conditions of employment of projectionists, etc., particularly in the Norwalk area, and broadly construed our statute law does not require that the disputants under such conditions

stand in the proximate relation of employer and employee. General Statutes, § 7408.

The court is of the opinion that there exists under the peculiar facts in this case as outlined in part above, a "labor dispute" as the same is defined by statute.

Peaceful picketing or patrolling, even without a strike, is permitted in many jurisdictions. The picketing in this case has been generally peaceful. The court cannot find that the purpose of the picketing in this case is unlawful. Support for this holding is established in the concurring opinion of Justices O'Sullivan and Baldwin in a recent case, referring to a somewhat similar situation, where they say: "In other words, not every attempt to coerce the plaintiff would be unlawful. An example of this, I apprehend, would have occurred if the defendants had sought, by peaceful picketing, to compel the plaintiff to improve the working conditions of its employees." *Kenmike Theatre Inc.* v. *Moving Picture Operators,* 139 Conn. 95, 102.

There is no evidence before the court of any serious damage to the plaintiff to date.

If the defendants continue picketing, their banners or cards should not contain the words "on strike" as there is no strike.

The motion for temporary injunction is denied.