**STATE of Missouri ex rel. Norma Lee WILLIAMSON, Respondent,**

**v.**

**The COUNTY COURT OF BARRY COUNTY, Missouri and Lester Loftin, M. F. Whisman, and Emory E. Smith, Judges of the County Court, Appellants.**

No. 49238.

Supreme Court of Missouri,

Division No. 2.

Jan. 14, 1963.

Joe R. Ellis, Pros. Atty., Barry County, Cassville, for appellants.

Edward V. Sweeney, Monett, for respondent.

STOCKARD, Commissioner.

■ This is an appeal in a mandamus proceeding to compel the "County Court of Barry County, Missouri" and the individual judges thereof to issue warrants to relator in payment of the balance of unpaid salary claimed to be due her as deputy clerk of the circuit court of Barry County. We note here that the county court as such is not a suable entity, and was improperly designated as a party.

Prior to January 15, for each of the years 1959, 1960 and 1961, pursuant to the requirements of Section 50.690 (all statutory references are to RSMo 1959, V.A.M.S.), the circuit clerk of Barry County filed his budget estimate with the county clerk of Barry County, a third class county, which included the salary of a deputy circuit clerk at $2,400 per year. In each of the years the county court approved and budgeted only $2,100 for this purpose. Section 483.-345 authorizes the appointment by the circuit clerk of "such number of deputies and assistants" with the approval of the judge of the circuit court "as such judge shall deem necessary for the prompt and proper discharge of the duties of his office." It is also provided that in the order permitting the circuit clerk to appoint deputies and assistants the judge of the circuit court "shall fix the compensation of such deputies or assistants." Pursuant to this statute and on April 13, 1959 the circuit clerk appointed relator as deputy circuit clerk with the approval of the judge of the circuit court and her salary was fixed by the circuit judge at $2,400 per year. Under this appointment she served only one month. On September 1, 1959 she was reappointed by the circuit clerk, her appointment was approved by the circuit judge, and her salary was fixed at $2,400 per year. She served continuously from the latter date to the date of trial. There is no contention on this appeal that there was not full and adequate compliance with the requirements of Section 483.345 if that statute is valid. Each month relator filed with the county court a written request for the allowance of her salary in the amount of $200. Each month the county court issued a warrant for $175 for her salary.

Relator sought a writ of mandamus to compel the judges of the county court to issue warrants to her for the difference between the amount paid her and that fixed by the judge of the circuit court. The trial court issued the writ of mandamus as prayed, and the judges of the county court and Barry County have appealed.

■ Appellants first assert that mandamus does not lie because respondent has a complete and adequate remedy at law. However, this court has expressly held that in the situation we have here mandamus will lie at the relation of a deputy circuit clerk to compel the judges of the county court to issue a warrant to relator in payment of alleged unpaid salary. State ex rel. Spratley v. Maries County, 339 Mo. 577, 98 S.W. 2d 623, 624. See also Perkins v. Burks, 336 Mo. 248, 78 S.W.2d 845. Appellants next assert that to pay relator the sum sought would be an unlawful act, and that mandamus will not lie to compel the performance of an unlawful act. This contention presupposes the act to be unlawful; the very issue to be decided. If it be determined on this appeal that it is contrary to law for appellants to issue the requested warrants, we will rule that mandamus will not compel the performance of that act.

Appellants assert that Section 483.345 is unconstitutional because (a) it violates Article VI, Section 7, of the Constitution of Missouri which provides that in each county not framing and adopting its own charter or adopting an alternative form of county government the county court "shall manage all county business as prescribed by law," and (b) because "Article II of the Constitution of Missouri divided State Government into three branches and provides that no branch shall exercise any powers belonging to the other."

■ The issuance of the requested warrants to pay the salary of relator, if re-

quired by law; is a ministerial duty, and "Ordinarily a public officer may not question the constitutionality of a statute as a defense to mandamus to compel him to perform a ministerial duty." State ex rel. S. S. Kresge Co. v. Howard, 357 Mo. 302, 208 S.W.2d 247, 249; State ex rel. State Board of Mediation v. Pigg, 362 Mo. 798, 244 S.W. 2d 75; State ex rel. Thompson v. Jones, 328 Mo. 267, 41 S.W.2d 393. However, under certain circumstances such challenge may be made, see the Howard and Pigg cases, supra; appellants do purport to challenge the constitutionality of Section 483.-345; respondent does not assert that they are not entitled to do so; and we cannot say that if the contentions are otherwise preserved for appellate review that they are colorable only. Therefore, we shall rule such of the contentions which have been preserved for appellate review.

■ As to the first contention, Article VI, Section 7 of the Constitution of Missouri does not authorize the county court to manage the county business without any restraint or limitation on its authority. The provision is that the county court shall manage the county business "as prescribed by law." Compliance with Section 483.345, if otherwise valid, would constitute the management of county business "as prescribed by law." Therefore, there can be no conflict between Section 483.345 and Article VI, Section 7 unless the statute is invalid for some other reason. Appellants' first contention is entirely without merit.

■ As to the second contention, while appellants pleaded generally in their return that Section 483.345 was unconstitutional because "it contravenes and violates Article II of the Constitution of Missouri by allowing the judicial department to usurp the functions of the executive or administrative branch of the government," no mention whatever is made of this contention generally or specifically in appellants' motion for new trial. In no event is a statute presumed to be unconstitutional, and it has repeatedly been held that in order to

preserve for appellate review the contention that a statute or ordinance is unconstitutional "the question must be raised at the first available opportunity: * * * [t]he sections of the Constitution claimed to have been violated must be specified: * * * [t]he point must be presented in the motion for new trial, if any: * * * [a]nd it must be adequately covered in the briefs." City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372. See particularly Red School Dist. No. 1 of St. Charles County, Mo. v. West Alton School Dist. No. 2 of St. Charles County, Mo., Mo., 159 S.W.2d 676; State v. Williams, 337 Mo. 987, 87 S.W.2d 423; Phillips Pipe Line Co. v. Brandstetter, 363 Mo. 904, 254 S.W.2d 636; State ex rel. Barnett v. Sappington, Mo., 260 S.W.2d 669; Layson v. Jackson County, Mo., 365 Mo. 905, 290 S.W.2d 109, all of which rule that a constitutional question not presented in the motion for new trial is not preserved for appellate review. Assuming that appellants' point in their brief adequately presented for appellate review the contention that Section 483.345 is unconstitutional on the basis that it violates Article II of the Constitution of Missouri, which we doubt, we conclude that they expressly waived any such contention by failing to preserve the point in their motion for new trial. We should not purport to determine whether the trial court erred as to an issue not presented to it in the motion for new trial, and as to which under the long established rules of procedure the appellants abandoned in the trial court. Therefore, for the purpose of the determination of the issues on this appeal we shall consider that Section 483.345 constitutes a valid legislative directive as to the manner and method of fixing the salary of a deputy circuit clerk.

■ Appellants next assert that since the salary of relator was placed in the budget approved by the county court at $2,100 per year payable at $175 per month, the expenditure of county funds to pay relator any salary over and above that amount would be a violation of the county budget law,

Sections 50.670 to 50.740, inclusive, and particularly Section 50.740 which provides that "Any order of the county court of any county authorizing and/or directing the issuance of any warrant contrary to any provision of this law shall be void and of no binding force or effect; * * *."

In Gill v. Buchanan County, 346 Mo. 599, 142 S.W.2d 665, after stating that the salaries of county judges are fixed by the Legislature, it was held that "the county court cannot change them, by either inadvertently or intentionally providing greater or less amounts in the salary fund in the budget. The action of the Legislature in fixing salaries of county officers is in effect a direction to the county court to include the necessary amounts in the budget. Such statutes are not in conflict with the County Budget Law but must be read and considered with it in construing it. They amount to a mandate to the County Court to budget such amounts. Surely no mere failure to recognize in the budget this annual obligation of the county to pay such salaries could set aside this legislative mandate and prevent the creation of this obligation imposed by proper authority." The order of the circuit judge made pursuant to Section 483.345 constituted a direction or mandate to the county court to include $2,400 in the budget for the purpose stated in the order, and the county court had no more authority to ignore this valid directive by budgeting a lesser amount than it would have to budget an amount for salaries of county judges at an amount greater than that fixed by the Legislature. The provisions of Section 50.740 cited and relied on by appellants, and quoted above, do not prohibit the issuance of the warrants in this case. The warrants would not be issued contrary to any provision of the budget law when that law is read with and construed in its relation to Section 483.345.

The last point in appellants' brief is as follows: "There was not sufficient money in Class IV of the budget for the year 1959 or 1960 with which to pay the salary claimed by respondent. To have paid the claimed salary would have been in violation of law." To justify our subsequent comments we disregard the inadequacy of this point. See Civil Rule 83.05, V.A.M.R. We have held that for the county court to have issued warrants to pay the claimed salary of relator would not have been in violation of the county budget law, and appellants point out no other law which would be violated. The trial court expressly found that "there is now in the hands of the treasurer of Barry County, Missouri, sufficient funds to pay the indebtedness due to relator." Appellants make no effort to demonstrate why that finding is not correct. However, we are not concerned on this appeal with whether the warrants when issued can be paid by the treasurer of Barry County, see Section 50.210, but only with whether they should be issued. Appellants have not demonstrated on this appeal that it would be a violation of the law to issue the warrants, nor have they demonstrated that the finding of the trial court that the money is available is erroneous, if that would constitute a defense in this proceeding.

The judgment is affirmed as to the named judges of the county court.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.